Lewis E. MELAHN, Respondent,

v.

CHICAGO PNEUMATIC
TOOL, Respondent,

and

London Reinsurers,
Appellant/Intervenors.

No. WD 52072.

Missouri Court of Appeals,
Western District.

Nov. 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

William Quirk, Kansas City, for appellant.

James Curtis Owen, Chesterfield, Ronald Medin, Jefferson City, for respondents.

SPINDEN, Presiding Judge.

This is an appeal from the order of the circuit court allowing the late-filing of policy-

holder protection claims by Chicago Pneumatic Tools (CPT) in the liquidation proceedings of Transit Casualty Company. The circuit court set a deadline of December 31, 1987, for filing claims. CPT filed a claim in April 1989 and attempted to excuse its tardiness on the ground that it was too busy fighting a hostile takeover to be aware that Transit was its insurer until after the deadline.

The commissioner of claims initially denied CPT's claims but later reversed this determination and held that the claims should be accepted as if timely filed. In August 1992, Lewis E. Melahn, director of the Missouri Department of Insurance and Transit's court-appointed receiver, filed a petition for review in the circuit court seeking adjudication of the disputed claims and asking the court's determination of whether § 375.1206.2(1), RSMo 1994, enacted after the initiation of the liquidation proceedings, operated retrospectively. In August 1993, the circuit court ruled that the statute was retrospective and that § 375.1206.2(1) was applicable pursuant to the court's inherent equitable powers. Based on § 375.1206.2(1), the circuit court adopted a four-part test for allowing late claims: (1) that CPT did not know of the claim prior to the bar date; (2) that CPT filed the claim with Transit as promptly as reasonably possible after learning of the claim; (3) that the claim was covered by the policy; and (4) that allowance of CPT's late-filed claims under the new statute would not prejudice the orderly administration of the liquidation of Transit. The circuit court remanded CPT's claims to the commissioner for application of these standards.

After further hearings, the commissioner ruled that all of CPT's claims were timely filed. In November 1994, the receiver asked the commissioner to reconsider this determination. The commissioner amended his order but did not change his determination that all of CPT's claims should be considered timely.

The receiver asked the circuit court to review the matter once again. In June 1995, the circuit court convened a hearing during which it invited London Reinsurers to file a brief. London Reinsurers consisted of several reinsurance companies which participated in reinsuring some of Transit's policies pursuant to contracts entered into before the company's insolvency. In July 1995, London Reinsurers formally intervened in the claims dispute proceedings and submitted a proposed order opposing the allowance of CPT's late claims. In November 1995, the circuit court issued an order in which it set out a four-part test pursuant to § 375.1206 for determining whether certain late-filed claims should be admitted for consideration. The circuit court also determined that some of CPT's claims should not be considered. London Reinsurers appeal.

■ CPT has filed a motion to dismiss this appeal on the ground that the circuit court's November 1995 order was not a final and appealable order because it did not dispose of all issues in the case. "A prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994). An appealable judgment must dispose of all issues in the case, leaving nothing for future determination. *Boley v. Knowles,* 905 S.W.2d 86, 88 (Mo. banc 1995). Rule 74.01(b), however, allows the circuit court to determine that a judgment is final as to any single claim when multiple claims are asserted, and to certify the judgment as appealable upon an "express determination that there is no just reason for delay." *Id.* In the absence of such a determination, the judgment is not final and appealable. *MLJ Investments, Inc. v. Reid,* 877 S.W.2d 221, 222 (Mo.App.1994).

■ In this case, the circuit court did not dispose of all pending claims. In its November 1995 order, the circuit court referred to a four-part test for determining whether late claims should be considered. While concluding that some of CPT's claims should not have been considered, the circuit court also decided that some of the claims met the first two prongs of its test and remanded to the commissioner to decide whether those claims met the remaining criteria. The circuit court did not resolve any issues of prejudice or coverage concerning the remaining claims, and it did not determine that its order was

final for purposes of appeal. The court specifically found that the issue of prejudice was premature and noted that "when this issue is ripe for consideration" it would afford the receiver great deference. The circuit court contemplated further action concerning the disputed claims.

The order, therefore, was not final and appealable. We dismiss the appeal.

Because of the disposition taken by this court on CPT's motion to dismiss, we do not reach the merits of London Reinsurers' motion to strike a portion of Transit's supplemental legal file.

SMART and EDWIN H. SMITH, JJ., concur.