Terry McKEAN, Plaintiff/Respondent,

v.

ST. LOUIS COUNTY, Defendant/Appellant.

No. 69607.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 10, 1996.

John A. Ross & Suzanne D. Nelson, Clayton, for Defendant/Appellant.

Mary P. Schroeder, Bruntrager & Billings, P.C., St. Louis, for Plaintiff/Respondent.

CRANDALL, Judge.

Defendant, St. Louis County, appeals from the trial court's order enforcing a settlement agreement between it and plaintiff, Terry McKean. We dismiss the appeal.

Plaintiff brought an action for unlawful employment practices. In his amended petition, he denominated defendants as St. Louis County and the St. Louis County Department of Police, Bureau of Security Services (Police Department). He alleged that when he was hired in 1973 he advised the Police Department that he was epileptic; but in February 1988 the Police Department placed him on involuntary leave due to his handicap and in March 1989 terminated his employment. He sought money damages from defendants.

On March 1, 1995, plaintiff signed a "SETTLEMENT AGREEMENT, RELEASE & WAIVER OF RIGHTS" in which he agreed to dismiss his action with prejudice. In return, plaintiff received cash payments from St. Louis County and was re-employed by St. Louis County in a full-time position for which he was qualified. Paragraph VIII specified that the settlement agreement was "the entire agreement between ST. LOUIS COUNTY, MISSOURI AND TERRY McKEAN." The release discharged St. Louis County and its agents, employees, and other persons in their official and individual capacities from liability. On February 1, 1995, the trial court entered the following order: "Upon request of parties cause passed for settlement."

In August 1995, plaintiff filed a "MOTION TO COMPEL SETTLEMENT," in which he sought to have his vacation time accrue from March 1, 1995, the date he accepted employment, and not June 1, 1995, the date he commenced employment. He also requested reasonable attorney's fees incurred to enforce the settlement agreement. In his motion, he listed the defendant as the St. Louis County Department of Police. St. Louis County filed a memorandum in opposition to plaintiff's motion, alleging that plaintiff's interpretation of the settlement agreement differed from its own. St. Louis County further alleged that declaratory judgment was the appropriate action to enforce the settlement agreement; and that because the Police Department was not a party to the agreement, the agreement could not be enforced against it. St. Louis County specifically took issue with Paragraph IV of the settlement agreement, which read in pertinent part:

> Upon [PLAINTIFF'S] acceptance of a position, his previous 15 years and 9 months of credited service shall be bridged for purposes of calculation of retirement and other benefits incident to employment with ST. LOUIS COUNTY just as though the time between April 1988 and the date of re-employment had not occurred....

The trial court entered what it styled a "JUDGMENT" and listed St. Louis County as the defendant. The court recited that it believed it could "give a clear meaning" to the paragraph of the settlement agreement in dispute and rejected the proposition that a declaratory judgment was the proper action to enforce the agreement. The court noted the case was "still alive." The court then found that plaintiff was entitled to benefits from March 1, 1995, the date he accepted employment; and so ordered. The court sustained plaintiff's motion to compel settlement.

Before considering St. Louis County's allegations of error, we address the threshold issue of whether this court has jurisdiction to consider the merits of this case. Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *Haugland v. Parsons*, 827 S.W.2d 285, 286 (Mo.App.1992). The appellate court has jurisdiction only over final judgments. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D.1993). A judgment, order,

or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. *Id.* Rule 74.01(b) provides that the trial court may designate as final a decree or order which does not dispose of all of the issues or parties if the trial court expressly finds that "there is no just reason for delay." If the trial court does not either resolve all the issues as to all parties or expressly designate its action final in accordance with Rule 74.01(b), the appeal must be dismissed. *Id.*

In the instant action, the trial court did not rule on plaintiff's claim against the Police Department. In its "judgment," the trial court named St. Louis County as the sole defendant. Plaintiff's action against the Police Department therefore remains pending. The court also did not rule on plaintiff's request for attorney's fees contained in his motion to compel settlement. The trial court therefore did not dispose of all issues or all parties in the case. In addition, the trial court made no finding, express or otherwise, that there was no just reason to delay St. Louis County's appeal pursuant to Rule 74.01(b). Thus, the trial court's order is not a final judgment and we are without jurisdiction to hear the appeal.

The appeal is dismissed.

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.