**STATE of Missouri, ex rel. SULLIVAN, et al., Relators/Appellants,**

v.

**Phyllis ROBERTS, et al., Respondents.**

No. 71289.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 24, 1997.

Rehearing Denied July 29, 1997.

C. John Pleban, Greenberg & Pleban, St. Louis, for relators/appellants.

Steven D. Parrish, St. Louis, for respondents.

GERALD M. SMITH, Judge.

Relators appeal from dismissal of the remaining count of their petition against respondents. The original petition sought prohibition, mandamus, a permanent injunction and money damages for abuse of process against respondents for their actions as members of the city council or to one respondent as mayor of the City of Arnold. Respondents filed counterclaims. One of the respondents dismissed his counterclaim. Relators dismissed the counts seeking prohibi-tion, mandamus, and a permanent injunction. The court dismissed relator's remaining count seeking damages. The judgment dismissing that count did not certify that no just reason for delay of the appeal existed. We dismiss the appeal.

We raise *sua sponte* our jurisdiction over appeals. *McKean v. St. Louis County,* 936 S.W.2d 184 (Mo.App.1996)[1–4]. We have jurisdiction only over final judgments. *Id.* An appealable judgment is one which disposes of all issues in the case, leaving nothing for further determination. Rule 74.01(b); *Melahn v.Chicago Pneumatic Tool,* 939 S.W.2d 390 (Mo.App.1996)[1,2]. If multiple claims are asserted and the court does not adjudicate all claims, the judgment is not final. *McKean, supra.* The issues resolved by the trial court are appealable only if the trial court makes an express determination that there is no just reason for delay of the appeal. *Id.* Without such a finding we are without jurisdiction. *Id.*

Still pending in the court below are the counterclaims of the respondents. Dismissal of the original petition does not dismiss the counterclaims. Rule 67.05. There has been no certification pursuant to Rule 74.01(b). We have no jurisdiction.

Appeal dismissed.

CRANE, P.J., and PUDLOWSKI, J., concur.