## BELLON WRECKING & SALVAGE CO., INC., Plaintiff–Respondent,

v.

## DAVE ORF, INC. d/b/a Orf Construction and Safeco Insurance Company of America, Defendants–Appellants.

### No. 71995.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 25, 1997.

Michael A. Clithero, Eric D. Martin, St. Louis, for defendants–appellants.

Thomas A. Connelly, P.C., St. Louis, for plaintiff–respondent.

HOFF, Judge.

Dave Orf, Inc. d/b/a Orf Construction (Orf) and Safeco Insurance Company of America (Safeco) (collectively referred to as appellants) appeal a decision setting aside a dismissal of a lawsuit and entering judgment upon an arbitration award in favor of Bellon Wrecking & Salvage Co., Inc. (Bellon). We dismiss the appeal due to noncompliance with Rule 74.01(b).

In 1993 Bellon filed a five count petition against appellants, among others,[1] seeking mechanic's liens and monetary relief allegedly due as the result of certain labor and materials Bellon provided at a construction project. Bellon named four defendants originally and the trial court subsequently granted another entity, Scally Waterproofing

---

1. Bellon pursued Counts I, II and III of the Petition against Orf, Sverdrup Associates, Inc. (Sverdrup), and Washington University (University); Count IV of the Petition against Orf only; and Count V of the Petition against Orf, Sverdrup, University, and Safeco.

Company (Scally), leave to intervene as a defendant. There is no dispute that the parties engaged in arbitration of the claims while the lawsuit was pending in the trial court. The trial court's docket sheet reflects that on November 20, 1996, the case was "dismissed without prejudice for failure to prosecute [with] court costs taxed against [Bellon]." The docket sheet entry expressly lists all five defendants. A copy of a November 1996 Judgment and Order of Dismissal[2] is available of record. That ruling states in full: "Comes now the Court, on it's [sic] own motion, and orders that all claims herein are dismissed without prejudice, for failure to prosecute at the cost of [Bellon], however, costs of all depositions shall be paid by the party taking the depositions."

On December 19, 1996, Bellon filed a "Motion and Order to Set Aside Dismissal or, Alternatively, to Ammend [sic] Judgement of Dismissal" seeking an order setting aside the dismissal previously entered in November 1996, and stating that Bellon had filed a motion for judgment upon arbitration award.

By its motion for judgment upon arbitration award, Bellon sought judgment against Orf and its surety, Safeco, jointly and severally, in the amount of $81,700.00, plus 9% annual interest and costs. Bellon attached to that motion a copy of the arbitrator's award dated November 21, 1996. The arbitrator awarded Bellon a total of $81,700 "to be paid by Orf," with the cost of the arbitration to be shared by Orf and Bellon equally.

By a document dated December 23, 1996, the trial court set aside the November 1996 dismissal and stated "[j]udgment upon [the] Arbitration Award [was] entered."[3] The entry on the docket sheet dated December 23, 1996, reports in relevant part the following:

[Bellon's] motion to set aside dismissal or amend judgment of dismissal granted. Judgment upon arbitration award entered.

Judge Robert L. Campbell, Div[.] 15

[Bellon's] Motion for judgment upon arbitration award filed and sustained. Judgment entered.

Judge Robert L. Campbell, Div[.] 15

Without trial judgment for ... Bellon ... [who is to] have and recover of ... Orf ... and ... Safeco [the] principal [sum] of $81,700.00 [with] court costs taxed against ... Orf [and] Safeco ... jointly and severally plus lawful interest thereon at the rate of 9% per annum, all as per judgment filed.

Judge Robert L. Campbell, Div[.] 15

Judgment Number: 609426.

■ While neither party disputes our jurisdiction over this appeal, we have a duty to address appellate jurisdiction *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App. E.D.1996). An appellate court has jurisdiction only over final judgments. *Id.* A decision of a trial court is "final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination." *Id.* at 186. If the trial court does not either resolve all of the issues as to all parties or expressly find "there is no just reason for delay" as required by Rule 74.01(b), the appeal must be dismissed because we are without jurisdiction to hear it. *Id.*

The trial court's December 23, 1996, decision in this case does not expressly resolve Bellon's claims against Sverdrup, University, and Scally. Nor does the record available to this Court reflect any disposition of Bellon's claims against Sverdrup, University, and Scally either prior to the November 1996 dismissal for failure to prosecute or after the trial court set aside that dismissal. Moreover, the trial court's December 23, 1996, decision does not find, expressly or otherwise, that "there is no just reason for delay" as required by Rule 74.01(b). Therefore, the trial court's December 23, 1996, decision is

---

2. This document has a hand-written date of November 20, 1996, and a file-stamped date of November 21, 1996. The docket sheet contains an entry dated November 20, 1996, regarding the dismissal but no entry dated November 21, 1996.

3. Additionally, the trial court wrote "Sustained Jdmt. entered" on the first page of Bellon's motion for judgment upon arbitration award.

not a final judgment and we are without jurisdiction to consider the appeal.[4]

The appeal is dismissed.

ROBERT G. DOWD, Jr., P.J., and SIMON, J., concur.

---

4. The record in this case also indicates there may not have been compliance with Rule 74.01(a).