**ROCKY RIDGE RANCH PROPERTY OWNERS ASSOCIATION,**
Respondent,

v.

**John & JoAnn HUCK, Jr., Jeffrey Wolk and Kenneth Greminger,**
Defendants,

**Lloyd & Janet Carron, Harry & Marilyn Figge, Leroy & Paula Bader, Otis & Shirley Causey, Floyd & Pearl Allen, Xavier & Patricia Lipp, Robert & Leslie Hollmann, Deborah Pfaff, David & Mary Mahue, Glenn & Arlene Roy, Thomas Yates, and Robert L. & Sheryl A. Fallert, Appellants.**

No. 71539.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 9, 1997.

Terry R. Rottler, Lance R. Drury, Ste. Genevieve, for appellants.

Roberts, Roberts & Burcham, L.L.C., Tom R. Burcham, III, for respondent.

Before GRIMM, P.J., and CRANE and HOFF, JJ.

## ORDER

PER CURIAM.

Rocky Ridge Ranch is a lake subdivision in Ste. Genevieve County. Rocky Ridge Ranch was developed by Areaco Investment Co. (Areaco) which recorded a set of restrictive covenants known as the Restriction Agreement. Under the Restriction Agreement, an annual assessment is levied each year on property owners. These assessments constitute a trust fund for the maintenance of the common areas and security of the Rocky Ridge Ranch. Areaco was the trustee of this trust fund under the Restriction Agreement until it was removed by the Circuit Court of Ste. Genevieve County.[1] Rocky Ridge Ranch Property Owners Association (Rocky Ridge) replaced Areaco as trustee of this trust fund.[2]

Areaco constructed and maintained title to three dams at the Rocky Ridge Ranch. On June 5, 1994, an election was held in which over two-thirds of the then owners of lots voted in favor of amending the Restriction Agreement to impose a special assessment amount of $2,300 per assessable lot for repair of the dams. Many landowners paid this special assessment but others did not. Some landowners did not pay either the special assessment or the annual assessments.

Rocky Ridge pursued litigation against several delinquent landowners in the Circuit Court of Ste. Genevieve County to collect outstanding annual and special assessments. The litigation consisted of several petitions having multiple parties and counts. Rocky Ridge filed motions for summary judgment against numerous landowners and the circuit court granted these motions. Landowners appeal from judgments entered on various

---

1. *In the Matter of Carol Billingsley v. Areaco Investment Co.*, CV887–67–CC.

2. *Id.*

counts regarding multiple petitions. This appeal followed.[3]

■ While no party disputes our jurisdiction over this appeal, we have a duty to address appellate jurisdiction *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App. E.D.1996). An appellate court has jurisdiction only over final judgments. *Id.* A decision of a trial court is "final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination." *Id.* at 186. If the trial court does not either resolve all of the issues as to all parties or expressly find "there is no just reason for delay" as required by Rule 74.01(b), the appeal must be dismissed because we are without jurisdiction to hear it. *Id.*

■ According to the record presented to us and statements made during oral argument, Appellants have not established there are final judgments for all of the parties in each of the petitions we are asked to review in this appeal. It is equally unclear from the record whether all of the claims against all of the parties on appeal have been disposed of by the trial court. Furthermore, the record does not indicate that the trial court found "there was no just reason for delay" as required by Rule 74.01(b). Therefore, we find we are without jurisdiction to consider the appeal.

The appeal is dismissed.[4]

---

3. On June 26, 1997, this Court, on its own motion, consolidated Appellants' two cases on appeal, Nos. 71539 and 71714, into Appeal No. 71539.

4. Respondent's Motions for Sanctions are denied. All other pending motions filed in this Court by Appellants and Respondent are therefore moot.