**ROCKY RIDGE RANCH PROPERTY OWNERS' ASSOCIATION, Plaintiff/Respondent,**

v.

**Herbert J. & Delores R. MEYERS, Jr., & Herbert J. Myers, III, Russell T. & Sue C. Bayer, William E. & Carla M. Akins, Ivan & Norma Grass, David William Bahr, Aloys & Marie D. Bauman, Randy & Martha Bahr, Roger & Sharon Grass & Paul R. & Margie Reynolds, Defendants/Appellants.**

Nos. 71974-71977, 71979-71981, 72658.

Missouri Court of Appeals, Eastern District, Southern Division.

May 19, 1998.

Terry R. Rottler, Lance R. Drury, Ste. Genevieve, for appellants.

Clinton B. Roberts, Tom R. Burcham, III, Farmington, for respondent.

Before CRANE, P.J., and ROBERT G. DOWD, Jr., and RICHARD B. TEITELMAN, JJ.

PER CURIAM.

Defendants, a group of landowners in the Rocky Ridge Ranch subdivision, appeal from the trial court's entry of summary judgment on several motions filed by plaintiff, Rocky Ridge Ranch Property Owners' Association, on its claims for outstanding annual and special property assessments. Defendants challenge the entry of summary judgment on the merits. However, we dismiss this appeal for lack of jurisdiction under Rule 74.01(b).

Rocky Ridge Ranch is a lake subdivision in Ste. Genevieve County, Missouri. In the 1960's Areaco Investment Company, Inc. developed the subdivision into a rural residential and recreational community. The subdivision contains three dammed lakes and approximately 2,200 platted lots, of which Areaco sold approximately 1,000. In 1966, Areaco filed a series of restrictive covenants, known as the Restriction Agreement, which govern lot ownership. The Restriction Agreement provides for an annual assessment to be imposed against property owners in order to fund the maintenance of common areas and security for the subdivision. Areaco served as trustee of the assessment fund until the Circuit Court of Ste. Genevieve County removed it for self-dealing in 1988 and appointed plaintiff as successor trustee. However, even after plaintiff was appointed trustee, Areaco remained title holder to the three dams located within the Rocky Ridge Ranch subdivision.

Subsequently, the Missouri Dam and Reservoir Safety Council brought an action against plaintiff, as trustee, and Areaco, as title holder, to bring the three dams into compliance with state regulations. In July, 1994 the Circuit Court of Ste. Genevieve County ordered plaintiff and Areaco to have the dams repaired by December 31, 1995. Meanwhile, in June, 1994 two-thirds of the then property owners had voted to impose a special assessment of $2,300.00 per assessable lot in order to fund the repair of the dams. However, certain landowners, including defendants, refused to pay the special assessment. Thereafter, plaintiff filed petitions against the non-paying landowners to compel them to pay the special assessment and delinquent annual assessments. The litigation consists of multiple petitions, each naming a number of different landowners as defendants and each containing multiple counts. Plaintiff filed motions for summary judgment on its claims for the outstanding assessments.

The record in this appeal shows that the trial court granted plaintiff's motions for summary judgment with respect to the landowners who are taking this appeal. However, these landowners are named as defendants in petitions in which other landowners, not part of this appeal, are also named as defendants. The record in this court [1] does

---

**1.** We have also reviewed the record in *Rocky Ridge Ranch Property Owners Ass'n v. Huck*, 957 S.W.2d 481 (Mo.App.1997).

not indicate that final judgments have been entered with respect to the claims against all of the defendants named in the petitions which are before us on appeal. Further-more, the trial court did not indicate that "there was no just reason for delay." *See* Rocky Ridge Ranch Property Owners Ass'n v. Huck, 957 S.W.2d 481 (Mo.App.1997).[2] Thus, we are without jurisdiction to address this appeal. Rule 74.01(b).

Plaintiff's motion to dismiss on other grounds is denied as moot.

Appeal dismissed.

---

**2.** In that case another group of landowners ap-pealed from the trial court's entry of summary judgment in favor of plaintiff on its claims for outstanding assessments. We dismissed that case because the landowners in that case failed to establish the existence of final judgments for all of the parties named in the petitions present-ed for review. *Rocky Ridge,* 957 S.W.2d at 483. Further, the record did not indicate that the trial court had disposed of all the claims against all of the parties on appeal and did not indicate that the trial court found "there was no just reason for delay" as required by Rule 74.01(b). *Id.*