**Esther JACKSON, et al., Plaintiffs–Appellants,**

v.

**James JACKSON, et al., Defendants–Respondents**

No. 21791.

Missouri Court of Appeals,
Southern District,
Division Two.

June 8, 1998.

---

Jeffrey L. Dull, Baker & Dull, Osceola, for Appellants.

Claire E. Noland–Vance, Noland & Associates, P.C., Camdenton, for Respondents.

PARRISH, Presiding Judge.

Esther Jackson, Etta Sue Bobbett and Edwin Lee Jackson (collectively referred to as plaintiffs) brought an action to construe a certain trust created by J. Pierce Jackson and Ocie R. Jackson. Plaintiffs' suit named eight defendants—James Jackson, Trustee of the J. Pierce Jackson and Ocie R. Jackson Trust dated April 9, 1979, Elma Lou Burke, Amos Henry Jackson, Freddie Joe Jackson, Nettie Jane Kittle, Julie Ann Jackson, Monica Sue Jackson and Ronald Gene Jackson. Plaintiffs filed a motion for summary judgment. Defendants James Jackson, Trustee, and Amos Henry Jackson filed separate motions for summary judgment. Following oral

arguments on the motions, the trial court made a docket entry finding there were no "justifiable issues"; that defendants were entitled to summary judgment.

A docket entry dated July 22, 1997, states, "Judgment filed." The legal file before this court includes a copy of a document entitled "Judgment," the text of which recites a date of "this 11th day of July, 1997" bearing the signature of the trial judge and the handwritten date to the left of the judge's signature, "7–18–97." No filing date appears on the document. It recites, in its entirety:

> On this 11th day of July, 1997, comes now the Plaintiffs, by their attorney Jeffrey L. Dull, and the Defendant Freddie Joe Jackson by his attorney Claire Noland–Vance, and Henry (Hank) Jackson per [sic] se.
>
> The court takes up the motion of Plaintiffs for Summary Judgment and denies the same.[1]
>
> The court takes up the Motion for Summary Judgment filed by Defendants and does find in their favor.
>
> Costs are taxed to Plaintiffs.

Although the same attorney who the judgment recites appeared for defendant Freddie Joe Jackson represented defendant James Jackson, Trustee, and filed a motion for summary judgment on his behalf, the judgment, without explanation, does not reflect an attorney appearing on his behalf. This court further notes that defendant Elma Lou Burke (also identified in a pleading she filed as "Elma Lou Jackson Burke") filed a pleading entitled Answer to Petition to Enforce Trust, Counterclaim and Cross Claim which sought various relief, including money damages, from certain of the parties to this action and a declaration that a deed written after the Trust agreement and conveying title to the parcels of real estate described in the Trust to James Jackson is void.

This court is left in the perplexing posture of having a document denominated as "Judgment" that purports to rule on the "Motion for Summary Judgment filed by Defendants" in a case in which two defendants filed motions for summary judgment. The judgment does not identify what motion by what defendant it purports to determine; neither does it address the status of defendants who did not file motions for summary judgment or the counterclaim or cross claim filed by defendant Elma Lou Burke.

This court discerns that the interests of at least six of the defendants, Elma Lou Burke, Freddie Joe Jackson, Nettie Jane Kittle, Julie Ann Jackson, Monica Sue Jackson and Ronald Gene Jackson, have not been addressed. In addition to the uncertainty as to what the judgment attempted to decide, there was no determination that there was no reason for delay so as to have permitted entry of a judgment without all claims of all parties to the litigation having been determined. See Rule 74.01(b). As explained in *McKean v. St. Louis County*, 936 S.W.2d 184 (Mo.App.1996):

> A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. . . . Rule 74.01(b) provides that the trial court may designate as final a decree or order which does not dispose of all of the issues or parties if the trial court expressly finds that "there is no just reason for delay." If the trial court does not either resolve all the issues as to all parties or expressly designate its action final in accordance with Rule 74.01(b), the appeal must be dismissed.

*Id.* at 185–86 (citations omitted.)

The appeal is dismissed.

SHRUM and BARNEY, JJ., concur.

---

1. Plaintiffs have also attempted to appeal the denial of their motion for summary judgment. "Denial of a motion for summary judgment does not present an appealable issue." *Shelter Mut. Ins. Co. v. DeShazo*, 955 S.W.2d 234, 238 (Mo. App.1997).