**Paul Vito PERNICIARO, Appellant,**

v.

**Peggy Anne McDONALD,
et al., Respondents.**

No. 73458.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1998.

Paul Vito Perniciaro, pro se.

J. Michael Ford, St. Louis, for Respondents.

GARY M. GAERTNER, Judge.

Appellant, Paul Vito Perniciaro ("father"), appeals the judgment of the Circuit Court of St. Louis County in favor of respondents, Peggy Anne McDonald ("mother") and her former attorney J. Michael Ford ("counsel"), on each party's respective motion for summary judgment. We dismiss the appeal.

Father filed a five count petition in the circuit court naming mother, counsel, and a third individual, Richard L. Lay, Sr., as defendants. Count I was directed against mother and counsel for wrongful execution of a lien against father's home. Counts II through IV were directed against mother for malicious prosecution and intentional infliction of emotional distress. Count V was directed against mother and Richard Lay for intentional infliction of emotional distress.

Counsel filed a motion for summary judgment as to Count I of father's petition on September 18, 1997. Mother filed several motions to dismiss, which the trial court denied. On October 30, 1997, mother filed an amended motion to dismiss father's petition, as well as a motion for summary judgment

regarding Counts I and II of said petition. On the same day, the trial court granted counsel's motion for summary judgment and mother's motions for summary judgment and to dismiss. Father then filed this appeal.

This Court has a duty to determine its jurisdiction even if not raised by the parties. *Rocky Ridge Ranch Property Owners v. Huck,* 957 S.W.2d 481, 483 (Mo.App. E.D.1997). We have jurisdiction only over final judgments. Rule 74.01; *Rocky Ridge,* 957 S.W.2d at 483. A final judgment is one which disposes of all claims as to all parties, or certifies there exists no just reason for delay. Rule 74.01. Here, father filed a petition against three named defendants. The trial court's judgment disposes of all claims as against two parties. However, the record is silent as to the disposition of Count V of father's petition as against the third defendant, Richard Lay, nor does the record indicate either of the other two defendants were acting on Lay's behalf, so as to allow the trial court's dismissal of Count V as against mother to apply to him.[1] *See In re Marriage of Peck,* 947 S.W.2d 82, 86 (Mo.App. S.D.1997). Finally, the trial court's judgment does not state there exists no just reason for delay of an appeal as provided in Rule 74.01(b).

Accordingly, we lack jurisdiction and dismiss father's appeal.

GRIMM, P.J., and PUDLOWSKI, J., concur.

---

1. The docket sheets reflect service of process was issued on Lay on March 4, 1997, though the record does not indicate service of process was ever obtained. However,

   "[f]ailure to have served process on [certain defendants] by any given time, without any action or disposition as to such defendants by the trial court, would not eliminate them as parties to this action at this time. A party to

an action is a person whose name is designated on the record as plaintiff or defendant." *Cooper v. Barr,* 413 S.W.2d 219, 221 (Mo.1967) (bracketed language in original; citation omitted); *see State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231 (Mo.banc 1969) (holding trial court's judgment dismissing petition as to one of two defendants not final despite lack of service or entry of appearance of second defendant).