**Ray F. WARREN and Katherine B. Warren, Appellants,**

v.

**MERCANTILE BANK OF ST. LOUIS, N.A., Respondent.**

No. 73739.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 22, 1998.

John E. Toma, Jr., Scott C. Trout, Newman, Goldfarb, Freyman & Klein, P.C., St. Louis, for appellant.

Gary Mayes, James W. Erwin, Daniel C. Cox, Thompson Coburn, St. Louis, for respondent.

**RICHARD B. TEITELMAN, Judge.**

Appellants Ray F. Warren and Katherine B. Warren appeal the dismissal of two of their claims against Respondent Mercantile Bank, as well as the summary judgment entered in favor of Mercantile on another pending claim. The trial court having not disposed of all of the issues before it in this case, we dismiss the appeal for lack of jurisdiction.

*Background*

This appeal arises out of a civil claim for monetary damages brought by Appellants because they suffered financial loss allegedly due to the refusal of Respondent Mercantile Bank (hereinafter, "Mercantile") to complete an agreement. In their original petition, Appellants sued Mercantile for Count I, breach of contract, Count II, breach of good faith and fair dealing, Count III, misrepresentation, Count IV, tortious interference with business expectancy, and Count V, malicious prosecution.

On Mercantile's motion, the trial court dismissed Counts I and II for lack of standing and dismissed Counts IV and V for failure to state a claim upon which relief can be granted.

Appellants subsequently added Count VI, slander, in their Second Amended Petition. Mercantile filed a Motion for Summary Judgment on Count III and a Motion to Dismiss or, in the alternative, Motion to Make More Definite and Certain on Count VI. The trial court granted the Motion [1] and ordered Appellants to file a Third Amended Petition on the slander count. However, the trial court failed to set any date by which the Third Amended Petition should be filed.

Over one month later, the Honorable Julian L. Bush heard Mercantile's Motion for Summary Judgment on Count III. Appellants had not yet filed a Third Amended Petition on the slander count and the court set the cause for trial without Count VI of the petition. The trial court subsequently granted Mercantile's Motion for Summary Judgment with respect to Count III, referring to Count III as "the only surviving count."

---

1. In its order, the trial court stated: "The parties have further agreed that Plaintiff (sic) shall file their Third Amended Petition responding to Defendant's Motion to Dismiss, particularly pleading the statements and context therein of the alleged slander." Therefore, it is unclear whether the court proceeded under Rule 67.06, granting the Plaintiffs/Appellants leave to amend their petition pursuant to the Motion to Dismiss, or whether the court proceeded under Rule 55.27(d), granting the Motion for More Definite Statement and requiring Plaintiffs/Appellants to amend their claim.

**632** ◼

*Discussion*

◼ Though neither party disputes our jurisdiction over this appeal, we have a duty to address appellate jurisdiction *sua sponte. Pizzo v. Pizzo,* 365 Mo. 1224, 295 S.W.2d 377, 379 (Mo. banc 1956); *McKean v. St. Louis County,* 936 S.W.2d 184, 185 (Mo.App. E.D. 1996). Appellate courts only have jurisdiction over final judgments. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 110 (Mo. banc 1982). "For a judgment to be final and appealable it must dispose of all parties and all issues in the case and leave nothing for future determination." *Petersen v. Farberman,* 698 S.W.2d 554, 556 (Mo.App. E.D. 1985) (citations omitted). If a trial court neither disposes of all parties and all issues of a case, nor states in its judgment that "there is no just reason for delay" pursuant to Rule 74.01(b), we must dismiss the appeal for lack of jurisdiction. *McKean v. St. Louis County,* 936 S.W.2d at 186.

◼ In the case at bar, the trial court's Order and Judgment granting Mercantile's Motion for Summary Judgment with respect to Count III did not expressly resolve all pending claims between the parties. Pursuant to Rule 55.27, if a motion for more definite statement "is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, *the court may strike the pleading to which the motion was directed or make such order as it deems just.*" (emphasis ours). Though Appellants had yet to file a Third Amended Petition, the slander count was, and is, still pending until stricken or dismissed by the trial court.

Further, Rule 67.06 provides four steps which result in the dismissal of a cause of action:

(a) The sustention of a motion to dismiss, coupled with the granting of leave to amend and the specification of a deadline for amending;

(b) the failure to file timely an amended pleading;

(c) the filing of a motion;

(d) the entry of final judgment of dismissal with prejudice (except in cases of excusable neglect).

*Houck by Houck v. Morrow,* 786 S.W.2d 604, 607 (Mo.App. S.D.1990)

In this instance, nothing in the record indicates that these four steps were completed. The trial court failed to specify a deadline for amending, and even if it can be said that Appellants failed to timely file an amended pleading, Respondent did not file a motion pursuant to Rule 67.06 and the trial court did not dismiss Count VI with prejudice.

We find that the trial court did not resolve all of the issues as to the parties before it and did not find that "there is no just reason for delay," as required by Rule 74.01(b). Therefore, we determine that the trial court's decision is not a final judgment and we are without jurisdiction to consider the appeal.

The appeal is dismissed.

CRAHAN, P.J. and RHODES RUSSELL, J., concur.