**JOHNSON–MULHERN PROPERTIES, L.L.C., Respondent,**

v.

**TCI CABLEVISION OF MISSOURI, INC., Appellant.**

**No. 73577.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 10, 1998.

Gena J. Awerkamp, Quincy, IL, Michael A. Clithero, St. Louis, for appellant.

Mark S. Wasinger, Hannibal, for respondent.

ROBERT G. DOWD, Jr., Judge.

TCI Cablevision of Missouri, Inc. (TCI) appeals from a judgment of $25,000 entered in favor of Johnson–Mulhern Properties, L.L.C. (Developer). TCI argues the trial court erred in (1) finding an agreement existed between Developer and TCI, in which Developer was to do the trenching and lay the cable in a new residential development and TCI would provide cable services; (2) finding an agreement existed between Developer and TCI and a breach of such agreement because there was only preliminary negotiations between the parties; and (3) awarding damages of $25,000 because that amount was not pleaded or proved and the award allows Developer to receive double recovery. We dismiss the appeal.

■ Before considering TCI's allegations of error, we address the threshold issue of whether this court has jurisdiction to consider the merits of this case. Although neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App. E.D.1996). The appellate court has jurisdiction only over final judgments. *Id.* For a judgment to be final and appealable, it must dispose of all issues and all parties in the case and leave nothing for future determination. *Id.* Generally, there can be but one judgment in a case and a judgment is not final for purposes of appeal unless it disposes of all counts in the petition. *Fallin v. McClain*, 639 S.W.2d 391, 391 (Mo. App. S.D.1982).

Developer filed a three-count petition against TCI. In Count I of its petition, Developer claimed TCI fraudulently misrepresented its intentions and sought actual and punitive damages for fraudulent misrepresentation. In Count II, Developer claimed the conduct of TCI amounted to a prima facie tort for damage to Developer's integrity and reputation, and again sought actual and punitive damages. Finally, in Count III of its petition, Developer claimed TCI breached its contractual duty to do the trenching and install the cable wiring. Developer asked for a mandatory injunction directing TCI to install cable service in the development.

■ The "Judgment and Decree" of the trial court fails to show a specific disposition of Count I and Count II. The judgment makes no specific reference to any count of the three-count petition. The judgment did find "that [Developer] has an adequate legal remedy as [TCI] has agreed to provide cable television services once [Developer] has provided the trenching and laid the cable for purposes of said service." The foregoing portion of the judgment seems to address Count III in finding that there was a contractual agreement. The judgment does not address or allude to Count I or Count II anywhere in the decree. The judgment also awarded Developer a single monetary amount of $25,000, the jurisdictional limit of

the trial court. Judgment which awards a single monetary amount on a three-count petition, without further explanation or detail, does not clearly dispose of all claims on its face and is not final. *Okello v. Beebe*, 930 S.W.2d 40, 42 (Mo.App. W.D.1996) (citing *Harvey v. Village of Hillsdale*, 893 S.W.2d 395, 398 (Mo.App. E.D.1995)). Since the judgment of the trial court lacks finality, this appeal must be dismissed.

Appeal dismissed.

HOFF and RICHARD B. TEITELMAN, JJ., concur.