Larry HOFFMAN, Connie Hoffman, Don Runkles, Elizabeth Runkles, Clifford Wirzberg, Linda Wirzberg, Dale Cates, Diane Cates, Larry Abshire, Brenda Abshire, David Miller, Lee Miller, and Jim Hughlett, Plaintiffs–Appellants,

v.

Larry COWARDIN and Rita Cowardin, Defendants–Respondents.

Nos. 23025, 23037.

Missouri Court of Appeals, Southern District, Division One.

Feb. 29, 2000.

Philip J. Metz, Joplin, for appellants.

Gayle L. Crane, Joplin, for respondents.

KENNETH W. SHRUM, Judge.

Plaintiffs and Defendants appeal from a judgment that found in favor of Plaintiffs on their "Motion to Enforce Settlement." We dismiss both appeals because the judgment did not dispose of all issues presented to the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiffs and Defendants are landowners in the Zimmerman Subdivision in Jasper County, Missouri. A dispute over restrictive covenants on the lots within the subdivision led to this suit.

On April 27, 1998, the parties announced that they had reached a settlement. In part, the settlement called for the parties to "sign for an additional restrictive covenant that will contain all the same restrictive covenants that there are now" plus one new covenant. Plaintiffs agreed to waive a "one residence per lot" covenant for Defendants' lot for four years, thus giving Defendants that period to remove a mobile home from their lot. The settlement also provided that "if we have to come back to court concerning the extension or the mobile home, then they will be responsible to pay for the attorney's fees and costs if it's found that they've not done what they were supposed to do."

Defendants ultimately refused to sign a "Declaration of Covenants and Restrictions" that purportedly complied with the settlement agreement. In response, Plaintiffs filed a "First Amended Motion to Enforce Settlement." The motion alleged, *inter alia*, that "[i]t was agreed that if the Parties are required to come back to Court concerning the extension of the restriction[s] or the mobile home, the Defendants will be responsible for paying the Plaintiffs' Attorney's fees and costs."

At an evidentiary hearing, Plaintiffs presented evidence about the settlement agreement and the attorney fees they had incurred in seeking to enforce the settlement. In introductory language, the trial court's judgment stated, "[T]he court finds the issues in favor of the Plaintiffs and enters a Judgment in their favor." Continuing, the court "judicially imposed" the agreed-upon covenants as encumbrances on the parties' tracts. Also, the court granted Defendants a four-year waiver of the "one residence" restriction per the settlement agreement.

On the issue of attorney fees, the trial court declared that if the mobile home on Defendants' lot was not removed by April 26, 2002, "then the owner of any other lot set forth above shall be entitled [to] recoop [sic] their legal fees and costs expended in enforcing this Judgment." The judgment was wholly silent, however, as to Plaintiffs' claim for attorney fees incurred in seeking enforcement of the settlement agreement.

Plaintiffs and Defendants appeal. Plaintiffs complain that the trial court erred by failing to award attorney fees, which they claim they are entitled to under the settlement agreement. Defendants urge reversal on the theory that the trial court was without authority to modify, extend, or waive the subdivision restrictions without the agreement of all landowners in the subdivision.

## DISCUSSION AND DECISION

■ Though neither party raises the issue of appellate jurisdiction, it is our duty to do so *sua sponte. McKean v. St. Louis County*, 936 S.W.2d 184, 185[1] (Mo. App.1996). "The appellate court has juris-

diction only over final judgments." *Id.* at 185[2]. *See* § 512.020, RSMo 1994.

"Generally, a final and appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. If a trial court designates a judgment that adjudicates fewer than all the claims or disposes of fewer than all the parties as final for the purposes of appeal, the trial court must also make 'an express determination that there is no just reason for delay.' Rule 74.01(b). 'Absent such a determination and designation, the judgment is not final and an appellate court is without jurisdiction.' *Beelman River Terminals, Inc. v. Mercantile Bank, N.A.*, 880 S.W.2d 902, 903 (Mo. App.1993)."

*Ackerson v. Runaway II, Inc.*, 961 S.W.2d 933, 934–35[4, 5] (Mo.App.1998) (some citations omitted).

Here, Plaintiffs, via pleadings and evidence, presented multiple questions to the trial court regarding attorney fees. These include whether an agreement existed regarding payment of such fees, the scope of any such agreement, and whether Plaintiffs were entitled to attorney fees in connection with their motion to enforce settlement. The trial court resolved some but not all of these issues. On one hand, the trial court recited generally that it found all issues in favor of Plaintiffs. The court also specifically found that Plaintiffs would be entitled to attorney fees in the future if they had to resort to legal action to force removal of the mobile home on Defendants' lot. On the other hand, the trial court did not decide whether the settlement provided for an award of attorney fees to Plaintiffs in connection with the current motion and, if so, how much. Consequently, the trial court's judgment did not dispose of all issues in the case. *See McKean*, 936 S.W.2d at 186[4] (dismissing, in part, because the trial court did not rule on the plaintiff's request for attorney fees contained in a motion to compel settlement). Because there are issues still to be decided and the trial court did not make a "no just reason for delay" finding in accordance with Rule 74.01(b), the judgment is not final and appealable and the parties' appeals must be dismissed. *Artisan Constr., Inc. v. Greuter*, 975 S.W.2d 958[4] (Mo.App.1998); *McKean*, 936 S.W.2d at 186.

The appeals are dismissed and the cause is remanded for further proceedings.

CROW, P.J., CONCURS.

PARRISH, J., CONCURS.