Julia A. (Burns) **BURKETT**,
Respondent,

v.

Gary E. **BURNS**, Appellant.

No. 25826.

Missouri Court of Appeals,
Southern District,
Division Two.

July 14, 2004.

Gary E. Burns, pro se.

No appearance, for respondent.

JOHN E. PARRISH, Presiding Judge.

Gary E. Burns (father) sought modification of the part of a judgment in a dissolution of marriage case ordering payment of child support to Julia A. (Burns) Burkett (mother) for two daughters. Father contended the daughters were emancipated; that, therefore, child support for them should be terminated. The appeal must be dismissed for lack of a judgment disposing of all claims.

The parties' marriage was dissolved by judgment entered March 22, 1996. Father was ordered to pay child support for three children. Father initiated the action that is the subject of this appeal by filing affidavits in the trial court seeking termination of support for two daughters, Shannon Burns and Tiffany Burns. Father asserted both were emancipated; that Shannon had married, Tiffany had become self-supporting, and mother had relinquished Tiffany from parental control. Father also alleged that Tiffany had "enrolled in an institution of vocational or higher education by October 1 following graduation from secondary school or completion of a graduation equivalence degree program but [had] completed ... her education, failed to achieve grades sufficient to re-enroll at such institution, or failed to complete sufficient credit hours in each semester." He asserted she had "failed to submit a transcript or similar official document at the beginning of the semester to the parent paying support."

The trial court heard evidence in the case May 2, 2003, and requested that the parties submit memoranda by June 2, 2003. The legal file includes a document denominated "Judgment" that acknowledges appearance of the parties and their attorneys on May 2 and states that evi-

dence was adduced. The document states a finding that one of the children, Tiffany Burns, was not emancipated and that father's "previously-ordered [sic] child support obligation" would continue. The document further orders father to pay mother's attorney fee of $500. The document does not dispose of father's claim that Shannon Burns is emancipated or his request that child support for her be terminated.

■ Father's appellant's brief attempts to assert three claims of trial court error. He contends there was error "in failing to emancipate and terminate [his] child support obligation for Shannon"; "in failing to emancipate and terminate child support for Tiffany"; and "in awarding [mother's] attorney's [sic] fees."

■ As stated in *Tillis v. Tillis*, 997 S.W.2d 119, 120 (Mo.App.1999), "An appellate court has jurisdiction only over final judgments. *McKean* [*v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App.1996) ]. 'A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination.' *Id.* at 185–86. *See* Rule 74.01(b)." *See also Bush Const. Machinery, Inc. v. Kansas City Factory Outlets, L.L.C.*, 37 S.W.3d 852, 854 (Mo.App.2001). The judgment in this case does not address the issue of father's claim that Shannon is emancipated, notwithstanding father's reference in Point I of his brief to trial court error in failing to determine she was emancipated. The judgment is not final in accordance with mandates of Rule 74.01. This court lacks appellate jurisdiction. The appeal is dismissed.

BATES, C.J., and SHRUM, J., concur.