David **HILLHOUSE**, Alyson M. Unger, and Unger Family Limited Partnership, Plaintiffs–Respondents,

v.

Steven **CREEDON** and Bethany Creedon, Defendants–Appellants.

No. 26602.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 30, 2005.

Craig A. Smith, The Styron Law Firm, Ozark, for appellants.

Matthew D. Turner, Armstrong Teasdale LLP, Jefferson City, for respondents.

KENNETH W. SHRUM, Presiding Judge.

This is another chapter in the litigation among Steven and Bethany Creedon ("Defendants") and David Hillhouse ("Hillhouse"), Alyson Unger ("Unger"), and the Unger Family Limited Partnership ("Unger Family") over the ownership and possessory rights to a "4–slip boat dock" located adjacent to Defendants' home. Hillhouse filed a three-count dam-

age suit against Defendants over their use of the boat dock, as follows: Damages for trespass (Count I), punitive damages (Count II), and damages on a quantum meruit theory (Count III). Hillhouse, Unger, and the Unger Family were the plaintiffs named in Count IV (injunctive relief count).[1]

Early in the litigation, the trial court granted, in part, a motion for summary judgment favorable to Plaintiffs. The judgment dealt with Count I by reciting, "Judgment for Trespass." Exactly what that meant is unclear, as that phrase is the entire purported adjudication of the trespass count. Conspicuously absent is any mention of damages, even nominal damages.

The summary judgment entered by the court dealt with Count IV by "sustain[ing] Plaintiffs' request for a Permanent Injunction as a result of the evidence adduced at the Preliminary Injunction and due to the Court's ruling on Count I." No details were provided, no specifics were given, and no description supplied about what acts or conduct were being enjoined or what acts were being performed. The court simply held that "[j]udgment on Count IV Permanent Injunction, but no ... Attorney Fees."

As part of its ruling of the summary judgment motion, the court denied Plaintiffs' request for summary judgment as to Count III (quantum meruit). In doing so,

it found that disputed issues of fact remained.

Later, Hillhouse dismissed his punitive damage claim (Count II). The quantum meruit claim (Count III) was then submitted to the trial court via stipulation. This led to entry of a judgment for Plaintiffs on Count III in the amount of $1.00, with no mention of the partial summary judgment previously entered and no reference to other counts or their disposition.[2] In effect, the trial court entered separate "judgments" by which it attempted to resolve all issues raised by the parties.

Defendants' notice of appeal recites they are appealing from the judgment on the quantum meruit count with no reference to the earlier summary judgment. Even so, the parties claim that the two "judgments" entered by the trial court should be considered, *in toto*, as one final judgment. Whether the two judgments should be treated as one (as the parties propose) is not a question we need to reach. This follows because, even if the two "judgments" were considered as one, we must dismiss the appeal as the permanent injunction adjudication is fatally defective due to its non-specific terms; accordingly, no final appealable judgment exists.

■■■■ Before an appellate court can exercise its jurisdiction for review, a final judgment must be entered. § 512.020; *Gibson v. Brewer*, 952 S.W.2d 239, 244[3] (Mo.banc 1997).[3] Generally, a judgment is

---

1. This litigation started as a four-count suit against Defendants. The first three counts named Hillhouse as the sole plaintiff, yet inexplicably, the part of the judgments that purport to deal with Counts I, II, and III appear to also treat Unger and the Unger Family as plaintiffs in those counts. Collectively, we refer to Hillhouse, Unger, and the Unger Family as "Plaintiffs."

2. The parties had stipulated to a damage figure, provided the court found Count III was

meritorious. The stipulated damages were more than the $1.00 awarded. Even so, neither Hillhouse nor other Plaintiffs—if they were Plaintiffs as to Count III—have complained on appeal about the amount of damages awarded.

3. The statute provides for certain exceptions not applicable here. All statutory references are to RSMo (2000), unless indicated otherwise.

final and appealable only when it disposes of all issues for all parties in the case and leaves nothing for future determination. *Jackson v. Jackson*, 970 S.W.2d 391, 392 (Mo.App.1998).

However, a trial court has discretion to certify a judgment for appeal, when a case involves multiple claims, under Rule 74.01(b) by expressly finding "no just reason for delay." *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 538[5] (Mo. App.2001). Even so, "a judgment that requires *external proof or another hearing* to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b)." *In re Trust of Bornefeld*, 36 S.W.3d 424, 426[5] (Mo.App.2001) (emphasis supplied).

In Count IV, the court was asked to enjoin Defendants "from trespassing, entering on or keeping any and all personal property in, on or around the four-slip boat dock [and] issue an Order directing the Sheriff of Taney County to remove any and all personal property of the Defendants from the boat dock." In the first "judgment" issued by the trial court, the request for injunctive relief was addressed as follows:

> "As to Count IV, the Court sustains Plaintiffs' request for a Permanent Injunction as a result of the evidence adduced at the Preliminary Injunction and due to the Court's ruling on Count I–Trespass. Judgment sustained as to Count IV partially; but no award of Attorney Fees is made due to two causes: a) there may be a genuine issue as to their applicability in this case; and b) the Court's belief that the 'American Rule' outweighs any exceptions noted by Plaintiffs. No genuine issue as to any material fact is found. Judgment on Count IV Permanent Injunction, but no judgment or award for Attorney Fees."

Previously, the court had entered a preliminary injunction, "pending the trial and final determination ... [of] Plaintiffs' Petition for Permanent Injunction," which enjoined Defendants from trespassing on the boat dock and ordered them to remove any personal property located thereon.

A judgment for a preliminary injunction is not final for purposes of appeal, i.e., appellate jurisdiction only attaches when a judgment for permanent injunction is issued. *Hair Kraz, Inc. v. Schuchardt*, 131 S.W.3d 854, 854–55 (Mo.App.2004). A permanent injunction "shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the petition or other document, the act or acts sought to be restrained." Rule 92.02(e).[4]

"An injunction must clearly and specifically describe the acts and things enjoined so as not to be subject to misunderstanding and confusion by those against whom it is directed." *Farmer's Mut. Fire Ins. Co. v. Farmer*, 795 S.W.2d 104, 109[7] (Mo.App.1990). When a judgment for permanent injunction is not clear, precise, and definite in its terms, the judgment is not final for purposes of appeal. *Four Seasons Lakesites Property Owners Assoc., Inc. v. Dungan*, 781 S.W.2d 269, 271[2] (Mo.App.1989).

Here, the trial court merely sustained Plaintiff's request for a permanent injunction. It made no mention of what acts it sought to restrain. There were no clear, precise, and definite terms. The only possible way to figure out the meaning of the judgment is to resort to the preliminary injunction and the petition. This clearly violates Rule 92.02(e). In no other rulings does the trial court mention the permanent injunction.

Consequently, the judgment is not final for purposes of appeal as the injunction

---

4. All rule references are to Supreme Court Rules (2004), unless stated differently.

issue between the parties remains pending. The appeal is dismissed.

We remand to the trial court so it can enter a final judgment consistent with this opinion, i.e., one that clearly and specifically describes the acts enjoined so as not to be subject to misunderstanding and confusion by those against whom it is directed and which otherwise complies with applicable procedural rules and case law guidance. In remanding, we also draw attention to the following: (1) Consideration should be given to entering a new judgment that is final and specifically addresses or includes by reference all rulings on all issues in the case; (2) further review should be made of the pleadings to ensure that all issues are resolved, especially the claims for relief as contained in Count I; and (3) further consideration should be given to making the judgments in Counts I and III run in favor of the party bringing those counts.

GARRISON, J. and BATES, C.J., Concur.