Maurice C. JEFFERSON, Jr., and
Leeanna Jefferson, Plaintiffs–
Appellants,

v.

James P. BICK, Bick Corporation and
Daniel Callahan, Defendants–
Respondents.

No. 56596.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 17, 1992.

Friedman and Gebhardt, Warren W. Friedman, Phillip K. Gebhardt, St. Louis, for plaintiffs-appellants.

LaTourette, Schuleter, Ebling & Byrne, James P. Bick, Jr., Clayton, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiffs, Maurice C. Jefferson, Jr. and LeeAnna Jefferson, brought an action in three counts against defendants, James P. Bick, Bick Corporation, and Daniel Callahan. Count I purported to plead a cause of action for the conversion of a 1982 Lincoln Mark VI (vehicle); Count II sought punitive damages based on the wrongful possession of the vehicle; and Count III, in replevin, sought return of the vehicle. Defendants filed a counterclaim. Count I of the counterclaim was an action against LeeAnna Jefferson on a note signed by her for a loan on the vehicle; and Count II sought an equitable lien on the automobile against both plaintiffs for the amount of the loan. Plaintiffs appeal from the judgment of the trial court which read as follows:

Parties appear in person and by their attorneys. Upon trial judgment on Plaintiffs First Amended Petition on Count I and Count II for all defendants. Judgment on Count III of said First Amended Petition for both plaintiffs against all defendants. Court costs against all defendants.

Judgment on Defendants Amended Counterclaim for Defendant, The Bick Corporation, on Count I against Plaintiff, Lee Anna Jefferson for $8041.28 with interest to begin today at 10% and for defendant, The Bick Corporation, on

Count II against Plaintiff, Maurice C. Jefferson, Jr. for $8041.28 with interest to begin today at 10%. Judgment on Count II of said Amended Counterclaim for Plaintiff, Lee Anna Jefferson.

We dismiss the appeal.

By way of background, plaintiffs, who were mother and son, purchased the vehicle in question and financed the purchase with a loan from General Motors Acceptance Corporation (GMAC). When they missed several payments, GMAC repossessed the vehicle. LeeAnna Jefferson was an employee of defendant, Bick Corporation. To prevent GMAC from selling the vehicle, LeeAnna Jefferson borrowed $8,041.28 from Bick Corporation to pay off the loan and signed a promissory note for that amount. Defendants, Bick and Callahan, gave GMAC the money to reclaim the vehicle and drove the vehicle to a car dealership to be sold. They refused to give the vehicle to LeeAnna Jefferson, despite her repeated requests for its return. At trial, no one knew the exact whereabouts of the vehicle.

▮ Although not questioned by the parties, we consider the issue of the appealability of the trial court's judgment *sua sponte*. *City of Florissant v. Lee*, 714 S.W.2d 871, 872–873 (Mo.App.1986). In order for an appeal to lie there must be a final judgment or order. § 512.020, RSMo (1986). A final judgment is one which disposes of all parties and issues in the case. Rule 74.01. The court may enter a judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay. *Id.*

▮ We first determine whether the judgment on plaintiffs' replevin count was in the proper form, so as to make it a final judgment. The form of the judgment pertaining to the replevin action is governed by Rule 99.12:

When the court or jury finds that a party not in possession of the property is entitled to possession of the property the value of the property shall be determined and damages for the taking, detention or injury may be assessed. The judgment shall be against the party ... for the return of the property or the value of the property, at the election of the party entitled to possession, and for damages assessed for the taking, detention or injury.

In addition, Rule 99.13 sets forth the procedures which the prevailing party must use to elect to take the property or its assessed value:

The prevailing party shall not be required to make an election between the return of the property or the payment of the value thereof assessed by the court ... until the property is in the possession of the sheriff and notice thereof is given by the sheriff to the prevailing party.... The prevailing party shall have ten days after the service of the notice to make an election to receive the value of the property assessed by the court.... The election must be in writing and shall be filed with the clerk of the court.

A judgment on a replevin action must, therefore, (1) declare the prevailing party's right of possession to the property; (2) assess the value of the property at the time of trial, thereby affording an election to the prevailing party to take the property or to receive its value; and (3) assess the damages, if any, for the taking and detention of the property. *Hallmark v. Stillings*, 620 S.W.2d 436, 438 (Mo.App.1981).

In the instant action, defendants took possession of the vehicle and, at the time of trial, had not returned it to plaintiffs. In addition, at the time of trial, the exact location of the vehicle was uncertain. In entering judgment on plaintiffs' replevin count, the court had an obligation to determine the value of the vehicle as of the date of trial. The judgment should have afforded plaintiffs the election either to have the vehicle or to receive its value as assessed by the court. The judgment on the replevin action failed to assess the value of the

**892**

vehicle; and, thus, failed to conform to Rule 99.12. In addition, the judgment failed to address the issue of damages. Because the judgment on plaintiffs' replevin claim was incomplete, the judgment on that count was not final.

The lack of finality of the trial court's judgment on plaintiffs' replevin action rendered the judgment on plaintiffs' remaining counts and on defendants' counterclaim interlocutory in nature. Further, the court did not make a finding that there was no just reason for delay in entering judgment on those claims. *See* Rule 74.01. As a result, the court did not dispose of all the issues in the action below and there can be no final determination of the issues on appeal.

Because the judgment of the trial court is not a final judgment, we dismiss the appeal.

PUDLOWSKI and GRIMM, JJ., concur.