# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2572

———————

Alfred W. Harre,                    *
                                    *
    Plaintiff/Appellee,             *
                                    *
Bernice E. Harre,                   *
                                    *
    Plaintiff,                      *
                                    *
David Bening,                       *
                                    *
    Plaintiff/Appellee,             *
                                    *  Appeal from the United States
        v.                       *  District Court for the
                                    *  Eastern District of Missouri.
Arthur G. Muegler,                  *
                                    * (PUBLISHED)
    Defendant/Appellant.            *

———————

Submitted: April 17, 1997

Filed: May 23, 2997

———————

Before BOWMAN, HANSEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

    In 1990, Alfred and Bernice Harre and David Bening sued Arthur
Muegler, alleging claims of fraudulent and negligent misrepresentation.
During a long discovery period, Muegler failed to provide requested
documents, to respond to interrogatories, or to answer deposition
questions, asserting his fifth amendment privilege.  As a sanction for his
noncompliance with discovery

requests and orders, the district court[1] barred him from presenting undisclosed evidence or testifying at trial. He nevertheless prevailed with the jury, but the judgment was overturned because of erroneous jury instructions. See Bening v. Muegler, 67 F.3d 691 (8th Cir. 1995). In the second trial, a jury awarded Bening and Alfred Harre $260,000 each for compensatory and punitive damages. Muegler appeals from the adverse judgment, contesting the sanctions imposed by the court, its evidentiary rulings, the jury instructions, and the sufficiency of the evidence. We affirm.

The evidence presented at trial is recited here in the light most favorable to the verdict. Newhouse v. McCormick & Co., Inc., 110 F.3d 635, 637 (8th Cir. 1997). Alfred Harre and Bening are Illinois farmers who invested in Concepts Communications and a related limited partnership in 1988 and 1989. James Grice, who was Concepts' president, and Muegler, who was Concepts' attorney throughout most of this period, had organized and conducted several promotional meetings that Harre and Bening attended. Muegler introduced Grice to the potential investors as a computer and communications expert, and Grice introduced Muegler as the former counsel of Emerson Electric Company. Muegler represented that the companies were involved in the telecommunications business and that money invested in them would be used to purchase telephone equipment and run the businesses. Harre and Bening each invested over $80,000, three fourths of it in a limited partnership which Muegler stated had a contract to provide beeper and pager service to the state of Illinois. There was no such contract, however, and the limited partnership never operated as a business. The funds invested by Harre and Bening were not used to purchase telephone equipment, and there was evidence that the $120,000 supposedly invested in the partnership was used instead to purchase a

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

certificate of deposit to secure a $120,000 loan for Concepts.  An amount almost equal to that loan amount was spent by Concepts to open a gay bar in St. Louis.

In December 1989, police raided Concepts' offices and arrested Grice, who as a convicted felon was prohibited from selling securities.[2]  There was evidence that Muegler knew Grice was a convicted felon, and it was revealed after the raid that Concepts did not own its telephone equipment but was leasing it.  The lessor took control, and Concepts was left without any assets.  The Harres and Bening then sued Muegler, alleging that they had lost the total value of their investments because of Muegler's improper conduct.

During discovery, Muegler failed to produce requested pre-trial documentary evidence, to answer interrogatories, or to identify his witnesses.  He ignored orders of the district court to compel, and asserted the fifth amendment at his deposition.  Plaintiffs were therefore unable to discover his evidence.  As a sanction for noncompliance, the court prevented him from presenting any evidence he had not turned over during discovery and from testifying.  Shortly before trial, Muegler indicated that  documentary evidence would be made available for review and that he would waive his fifth amendment privilege.  The district court found that Muegler's offer of discovery had occurred too late in the course of trial preparation and that permitting undiscovered  evidence at trial would prejudice the plaintiffs.  On appeal, Muegler argues that the district court should not have imposed those sanctions.

A careful review of the record reveals an almost complete failure to give discovery on the part of Muegler.  Muegler

---

[2]Grice had been convicted in 1980 and 1981 of several counts of theft in Texas but was later paroled.

disregarded court orders to answer interrogatories or produce documents, and he refused to answer any questions in his deposition other than to give his name.  He claimed that he did not have necessary information to comply with discovery requests because documents and files had been seized in the police raid and were in the possession of Illinois prosecutors who were pursuing criminal charges against Grice and him.[3]  The docket sheet from the Illinois criminal case  indicates, however, that the state had complied with Muegler's discovery request for those documents almost two years before he admitted they were available and before he supplemented his answers to interrogatories.  Only after the district court imposed sanctions and trial was soon to begin did Muegler indicate a willingness to produce the documents, identify his witnesses, and waive his fifth amendment privilege.

Although Muegler now claims the district court should be reversed, he still has not specified what particular evidence was excluded, its substance, or how he was prejudiced by its exclusion.  See Strong v. Mercantile Trust Co., N.A., 816 F.2d 429, 432 (8th Cir. 1987) (offer of proof is necessary for appellate court to determine whether exclusion of evidence was prejudicial).  Under the unusual circumstances presented, the imposition of sanctions preventing Muegler from introducing undisclosed evidence was not an abuse of discretion and did not result in a constitutional violation.  See Boardman v. National Med. Enters., 106 F.3d 840,

---

[3]Both Grice and Muegler were indicted in Illinois on charges of the unlawful sale of securities and theft, and Grice was indicted on the additional offense of deceptive practice.  In 1993, Grice was convicted of seven counts of the unlawful sale of securities, two counts of theft, and one count of the offense of deceptive practice, but the charges against Muegler were dismissed after the original verdict in this case.  The Illinois criminal charges were reinstated after the judgment in his favor was reversed.

844 (8th Cir. 1997); see also SEC v. Graystone Nash, Inc., 25 F.3d 187, 191-92 (3d Cir. 1994).

Muegler makes a number of other claims of error which he asserts individually and cumulatively resulted in constitutional violations and had an adverse effect on the jury. He argues that the district court abused its discretion in several evidentiary rulings and violated the Constitution by admitting irrelevant, incompetent, and unduly prejudicial evidence while excluding other relevant evidence. He also argues there was not enough evidence to support the giving of several jury instructions, that they misstated the law and contained errors permitting the jury to return a verdict outside the law, and that the punitive damages instructions were unconstitutional. Finally, he contends that the plaintiffs did not state a claim of negligent misrepresentation in their complaint, establish their claims as a matter of law, or prove damages. Harre and Bening respond that there was overwhelming evidence to prove their claims and damages, the district court did not abuse its discretion in its evidentiary rulings, and the jury instructions properly stated the law.

After thoroughly examining the record and considering Muegler's arguments, we conclude that the claims of error are without merit. There was substantial admissible evidence to support the giving of all the jury instructions and the resulting verdict, and the district court did not abuse its discretion in its evidentiary rulings. The jury instructions taken as a whole adequately and fairly stated the law, and Muegler has not shown he was prejudiced by any error or that his constitutional rights were violated.

For these reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.