**Benjamin BLAKE, Appellant,**

v.

**CENTRAL TRANSPORT, INC., and State Farm Insurance Companies, Inc., Respondents.**

**No. 72044.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 21, 1997.

Mary Bruntrager Schroeder, Bruntrager & Billings, St. Louis, for appellant.

Donald L. James, Brown & James, P.C., St. Louis, for respondents.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, Benjamin Blake ("plaintiff"), appeals from the judgment entered by the Circuit Court of the City of St. Louis granting respondent's, Central Transport, Inc.'s ("defendant"),[1] motion for summary judgment. We dismiss the appeal.

Plaintiff filed a two count petition in the trial court seeking to recover uninsured motorist proceeds after plaintiff was injured in an automobile accident with an unknown driver. Count I was directed against defendant, who leased the vehicle plaintiff was driving while injured and who was contractually obligated to maintain liability insurance on the vehicle. Count II was directed against State Farm Insurance Companies, plaintiff's personal insurer. Defendant moved for summary judgment, which the trial court granted, and plaintiff filed the instant appeal.

As an initial matter, this Court must determine whether it has jurisdiction to entertain the issues raised before it. *Skaggs*

*v. Skaggs*, 938 S.W.2d 302 (Mo.App. E.D. 1997). In order to invoke this Court's jurisdiction, the parties must appeal a final judgment or order. *Jefferson v. Bick*, 840 S.W.2d 890, 891 (Mo.App. E.D.1992). A final judgment is one which disposes of all parties and all issues in the case. *Id.; see* Rule 74.01(b). However, the trial court can make final for appeal purposes an order disposing of less than all claims or all parties by including in the order language to the effect "there is no just reason for delay." Rule 74.01(b). Here, while it is clear the trial court's order granting defendant's motion for summary judgment disposed of all claims pertaining to that particular defendant, the order is silent as to the remaining defendant, State Farm Insurance Companies, who was named in Count II of plaintiff's petition. Moreover, the trial court's order does not include the language mandated by 74.01 that "there is no just reason for delay." Therefore, as the trial court's order is not final, we lack jurisdiction to hear the appeal.

Based on the foregoing, the appeal is dismissed.

---

1. State Farm Insurance Companies, a named defendant below, is not a party to this appeal.