## MAGNA BANK OF MISSOURI, Plaintiff–Respondent,

### v.

## J.A. SAAB REAL ESTATE COMPANY, et al., Defendants–Appellants.

### No. 21271.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 1997.

Charles R. Willis, St. Louis, for Defendants–Appellants.

No brief filed by Plaintiff–Respondent.

PREWITT, Judge.

Plaintiff's petition sought, among other relief, to receive possession of certain equipment under Count V "Replevin—Old Equipment." The trial court entered an "Order and Judgment," which, while granting certain relief as to Count V, neither determined the value of the property nor addressed the question of damages for the taking, detention or injury to it. The latter does not appear to have been an issue in the case, but value of the property was. As this Court determines there was no final judgment from which an appeal may be taken, the appeal is dismissed.[1]

For an appeal to lie, there must be a judgment or order from which an appeal may be taken under Section 512.020, RSMo 1994. *Jefferson v. Bick*, 840 S.W.2d 890, 891 (Mo.App.1992). An appealable judgment is one which disposes of all parties and issues, as provided in Rule 74.01. *Id.* Whether the trial court could have made the "Order and Judgment" appealable by finding "no just reason for delay," under Rule 74.01(b), is not before us as the trial judge did not do so.

Rule 99.12 provides that in a replevin action, the value of the property and any damages for the taking, detention or injury be assessed. *See Jefferson*, 840 S.W.2d at 891; *see also* Section 533.140, RSMo 1994. Failing to assess the value of the property makes a purported judgment in replevin lack finality, as it did not dispose of all the issues; thus no appeal lies. *Jefferson*, 840 S.W.2d at 891–92. *See also Hallmark v. Stillings*, 620 S.W.2d 436, 438 (Mo.App.1981).

The trial court, in its "Order and Judgment," indicated that an additional hearing may be necessary "to assess the value of the property." As that value had not been determined, under Rule 99.12, the trial court did not dispose of all issues.

1. Another issue before the Court, the timeliness of the filing of Appellant's Notice of Appeal, is rendered moot by the conclusion of this opinion.

The appeal is dismissed and the cause remanded for further proceedings.

MONTGOMERY, C.J., and CROW, J., concur.