### Victoria ACKERSON and Betty Jane Fekete, Plaintiffs–Appellants,

v.

### RUNAWAY II, INC., Defendant.

### Wayne ROYAL, Defendant–Respondent and Third–Party Plaintiff,

v.

### Arthur ACKERSON, Third–Party Defendant.

### No. 21572.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 11, 1998.

John E. Curran, Julie J. McNitt, Curran & Clifford, for plaintiffs-appellants.

Jon A. Kaltenbronn, Lake Ozark, for defendant-respondent and third-party plaintiff.

MONTGOMERY, Chief Judge.

Plaintiffs appeal from a judgment entered January 14, 1997, in favor of Defendant Wayne Royal on his two-count counterclaim against them. The judgment did not make any disposition of Defendant Royal's third-party petition which he filed against Third–Party Defendant Arthur Ackerson.

On January 25, 1993, Plaintiffs filed a four-count petition against Defendants Royal and Runaway II, Inc. On April 2, 1993, Defendant Royal filed his Answer, Counter Claim, Cross Claim and Third Party Petition, described above. In his third-party petition, Defendant Royal prayed for judgment against Third–Party Defendant Ackerson in the amount of any judgment rendered in Plaintiffs' favor against him and for his attorney fees, expenses of litigation, and court costs.

■ The judgment of January 14, 1997, reinstated a default judgment rendered on June 3, 1996, in favor of Defendant Royal based on Plaintiffs' failure to appear for trial. The later judgment awarded Defendant Royal money damages on both counts of his counterclaim against Plaintiffs and found in favor of Defendant Royal on Defendant Runaway II, Inc.'s, crossclaim.[1] However, the judgment failed to mention or dispose of Defendant Royal's third-party claim and did not make "an express determination that there is no just reason for delay." Rule 74.01(b).

■ While neither party raised the issue of appellate jurisdiction, it is our duty to do so, *sua sponte*. *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500 (Mo.App.1990). This court only has jurisdiction over final judgments. *Id.* Generally, a final and appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. *Bay's Texaco Serv. and Supply Co. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App.1990). If a trial court designates a judgment that adjudicates fewer than all the claims or disposes of fewer than all the parties as final for the purposes of appeal, the trial court must also make "an express determination that there is no just reason for delay." Rule 74.01(b). "Absent such a determination and designation, the judgment is not final and an appellate court is without jurisdiction." *Beelman River Ter-*

---

1. Defendant Royal subsequently dismissed his crossclaim against Defendant Runaway II, Inc.

*minals, Inc. v. Mercantile Bank, N.A.*, 880 S.W.2d 902, 903 (Mo.App.1993).

In this case, that portion of Defendant Royal's third-party petition seeking attorney fees, expenses of litigation and court costs is left open for future determination, and the trial court did not make the appealability determination under Rule 74.01(b). Therefore, this Court is without jurisdiction. *See Allen v. G & J Enterprises*, 856 S.W.2d 347 (Mo.App.1993) (holding judgment was unappealable because a counterclaim remained pending and the trial court did not invoke the exception stated in Rule 74.01(b)).

The purported judgment in this case contains the same deficiency as found in *Allen.* Thus, the trial court's judgment is not final, and we have no jurisdiction over this appeal.

Appeal dismissed.

PARRISH, P.J., and BARNEY, J., concur.