ARTISAN CONSTRUCTION, INC.,
Plaintiff–Appellant,

v.

Lonnie GREUTER, d/b/a Greuter Construction, Defendant, and Board Of Directors For Texas County Memorial Hospital, et al., Defendants–Respondents.

No. 21998.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1998.

Michael D. Textor, of Daniel, Clampett, Powell & Cunningham, LLC, Springfield, for Appellant.

JoAnne Spears Jackson, of Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, PC, Springfield, for Respondent Board of Directors.

PREWITT, Presiding Judge.

■ Following non-jury trial, "judgment" was entered in favor of Appellant and against Defendant Greuter, and against Appellant on its claim against Defendants–Respondents. The court, however, did not rule upon Respondents' three-count cross claim against Defendant Greuter. That cross claim sought damages, attorney's fees and costs related to defending Appellant's claim. Although at least some of that claim might by implication be denied because Respondents were not held responsible to Plaintiff, on the record before us, at least attorney's fees are still an issue.

■ For an appeal to lie, there must be a judgment from which an order may be taken under Section 512.020, RSMo 1994. *Jefferson v. Bick,* 840 S.W.2d 890, 891 (Mo. App.1992). An appealable judgment is one that disposes of all parties and issues as provided in Rule 74.01. *Id.* Whether the trial court could have made the "judgment" appealable by finding "no just reason for delay," under Rule 74.01(b), is not before us, as the trial judge did not do so. For a judgment to be appealable, absent a compliance with Rule 74.01(b), it must leave nothing for further determination. *Albright v. Kelley,* 926 S.W.2d 207, 209 (Mo.App.1996). Here, as there are issues still to be determined, the appeal must be dismissed.

The appeal is dismissed and the cause remanded for further proceedings.

PARRISH and SHRUM, JJ., concur.