**Robert J. DuPONT, Plaintiff–Respondent,**

v.

**Cheryl BLUESTEIN, and Aging Services Network, Inc., Defendants–Appellants,**

and

**Jack Bluestein, Individually and as Trustee of Aging Services Network, Inc., a Missouri corporation in default, Defendants.**

**No. 22371.**

Missouri Court of Appeals, Southern District, Division One.

June 23, 1999.

Brian O. Wade, Springfield, for Appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Presiding Judge.

Plaintiff filed a petition contending that he was entitled to damages from Defen-

dants due to misrepresentation and breach of contract. Thereafter, Defendants answered, but the answer was subsequently stricken pursuant to Plaintiff's motion for sanctions for failure to comply with discovery. Judgment was entered against Defendants on June 4, 1997, for $50,039.76.

On May 1, 1998, Defendant Cheryl Bluestein and Defendant Aging Services Network, Inc., moved to set aside "the default judgment," pursuant to Rule 74.05(d). Defendant Jack Bluestein filed a separate amended motion to set aside the "default" judgment on May 6, 1998. Apparently he had filed his initial motion on April 6, 1998.

On May 7, 1998, Defendants Cheryl Bluestein and Aging Services Network, Inc. filed an "Alternative Motion to Set Aside Default Judgment," in effect stating that if the court does not set aside the judgment pursuant to their earlier motion under Rule 74.05(d), that it set the judgment aside pursuant to Rule 74.06(b)(1).

Following an evidentiary hearing, the trial court overruled Defendants Cheryl Bluestein and Aging Services Network, Inc.'s motion to set aside the judgment, but sustained Defendant Jack Bluestein's motion and set the judgment aside as to him. Cheryl Bluestein and Aging Services Network, Inc. appeal.[1]

 Rule 74.05 is denominated "**Entry of Default Judgment.**" Paragraph (d) of this rule provides for setting aside interlocutory orders of default or default judgments. Rule 74.05 does not apply here, as an answer was filed. Where a party files an answer, a subsequent judgment is not a default but a judgment on the merits. *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo.banc 1994); *Tinsley v. Gosnell*, 873 S.W.2d 943, 944 (Mo.App.1994). Rule 74.05 is then inapplicable as it relates only to setting aside default judgments. *Tinsley*, 873 S.W.2d at 944.

 Rule 74.05 does not apply when an answer is stricken and judgment rendered under Rule 61.01(d)(2). *Simpkins v. Ryder Freight System, Inc.*, 855 S.W.2d 416, 420 (Mo.App.1993); *Hayes v. Hayes*, 677 S.W.2d 933, 934 (Mo.App.1984); *Jewell v. Jewell*, 484 S.W.2d 668, 672 (Mo.App.1972). The default rule does not apply because the judgment does not come by default in the ordinary sense, but is a judgment upon a trial by the court. *Simpkins*, 855 S.W.2d at 420; *Hayes*, 677 S.W.2d at 934. Thus, Rule 74.05 cannot be used by Appellants here.

 Nor can Rule 74.06(b) be relied on by Appellants. It only provides relief "from a final judgment or order." There may have been a final judgment at the time Appellants' motion and alternative motion were filed, but there is no longer any final judgment as the claim is still pending against Defendant Jack Bluestein.

 For an appeal to lie, there must be a judgment or order from which an appeal may be taken. *Magna Bank of Missouri v. J.A. Saab Real Estate Co.*, 955 S.W.2d 40 (Mo.App.1997). An appealable judgment is one which disposes of all parties and issues, as provided in Rule 74.01. *Id.*[2]

 Where there is no judgment from which an appeal can be taken, this Court does not have jurisdiction and must dismiss the appeal. *Ball v. Shannon*, 964 S.W.2d 858, 859 (Mo.App.1998); *Stipp v. Meadows*, 962 S.W.2d 464, 465 (Mo.App. 1998).

The appeal is dismissed.

CROW, J., and PARRISH, J., concur.

---

1. Plaintiff appealed from the trial court's order setting aside the judgment as to Defendant Jack Bluestein. However, that appeal was voluntarily dismissed by Plaintiff.

2. Whether the court could have made its order appealable by finding "no just reason for delay," under Rule 74.01(b), is not before us, as the trial court did not do so.