**BITUMINOUS CASUALTY CORPORATION, Plaintiff–Respondent,**

v.

**Dewey MOORE, d/b/a Dewey Moore Construction, Defendant–Respondent,**

and

**Dale Moore, Defendant–Appellant.**

No. 24050.

Missouri Court of Appeals, Southern District, Division One.

Jan. 18, 2002.

Richard D. Crites, Springfield, for Appellant.

Jerry A. Harmison, Lathrop & Gage, Springfield, for Respondent Bituminous Casualty Corporation.

Michael R. Testerman, Branson, for Respondent Dewey Moore, d/b/a Dewey Moore Construction.

KENNETH W. SHRUM, Presiding Judge.

After Dewey Moore ("Dewey") and his son, Dale Moore ("Dale"), disagreed regarding who owned and was entitled to possession of a backhoe, Dale surreptitiously took the backhoe from Dewey and concealed it in a friend's barn. Thereon, Dewey filed a claim with Bituminous Casualty Company ("Bituminous") under a policy covering the backhoe which insured Dewey for theft losses. Bituminous promptly settled the claim with Dewey by paying $38,500 for the loss.

After learning Dale had the backhoe, Bituminous filed this case against Dale and Dewey seeking to recover its losses via multiple, but alternative, counts and theories. The first count of its petition (denominated "Declaratory Judgment") sought a declaration of the "rights and duties of the parties ... under ... contracts in the controversy" and requested that the court "award [Bituminous] a reasonable attorney's fee."[1] Dewey and Dale filed separate answers to the Bituminous petition and brought cross-claims against each other.[2]

Following trial, the court ruled the declaratory judgment count of the Bituminous petition favorably to Bituminous and against Dewey by declaring Dewey owed Bituminous $38,500 "as principal" and prejudgment interest of $9,960.[3] The trial court did not, however, mention or otherwise dispose of Bituminous's claim against Dewey and Dale for attorney fees as asserted in its declaratory judgment count. The court ruled Dale's three-count cross-claim (see n. 2) adversely to him and favorably to Dewey. As to Dewey's cross-claim against Dale, the court found for Dewey and entered judgment against Dale for $48,460.[4] Dale appeals from that part of the judgment which ruled cross-claims adversely to him. We dismiss the appeal for want of appellate jurisdiction.

 Although the parties have not raised the issue of appellate jurisdiction, it is our duty to do so, *sua sponte*. *Ackerson v. Runaway II, Inc.*, 961 S.W.2d 933, 934 (Mo.App.1998). Generally, an appellate court has jurisdiction only over final judgments, *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App.1996), meaning judgments which dispose of all issues for all parties in the case leaving nothing for future determination. *Artisan Construction, Inc. v. Greuter*, 975 S.W.2d 958 (Mo. App.1998). Rule 74.01(b) authorizes a trial court to designate as final a judgment that does not dispose of all issues or parties *if*

1. Counts II and IV of the Bituminous petition sought money damages from Dewey on theories of fraud and unjust enrichment, respectively. Count III sounded in replevin against Dale. The trial court found against Bituminous on these counts and no appeal was attempted from such adjudication.

2. As best this court can discern, Dewey's cross-claim against Dale seeking money damages is based on a conversion theory, i.e., Dale converted a backhoe to which Dewey was entitled. Dale's cross-claim against Dewey has three counts. The first count thereof sounds in conversion, i.e., it alleges Dale is entitled to money damages because Dewey converted a backhoe that belonged to Dale.

Count II of Dale's cross-claim seeks money damages from Dewey for his alleged breach of contract. In Count III, Dale claims he is entitled to recover back wages from Dewey (allegedly overtime pay), penalty amounts per § 290.110, and attorney fees.

3. The trial court disposed of Counts II, III, and IV of the Bituminous petition (see n. 1) by ruling them adversely to Bituminous and favorably to the respective Defendants.

4. The judgment for Dewey and against Dale was for exactly the same amount as was entered for Bituminous against Dewey. No issue has been raised about whether that is the correct measure of damages.

the trial court expressly finds "that there is no just reason for delay." [5] *McKean*, 936 S.W.2d at 186. However, "[i]f the trial court does not either resolve all the issues as to all parties or expressly designate its action final in accordance with Rule 74.01(b), the appeal must be dismissed." *Id.*

■ In this case, Bituminous sought recovery of its attorney fees as part of its declaratory judgment count which was the count upon which it prevailed. Although no express provision for awarding attorney fees can be found in Missouri's declaratory judgment act (§§ 527.010–.290), courts have consistently relied on § 527.100 to award attorney fees in declaratory judgment actions if "very unusual circumstances" are shown.[6] *Law v. City of Maryville*, 933 S.W.2d 873, 878 (Mo.App. 1996). "More recent cases have recognized that attorneys' fees may be allowed where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation." *David Ranken, Jr. Tech. Inst. v. Boykins*, 816 S.W.2d 189, 193 (Mo.banc 1991). From these and other cases, it is clear that the attorney fee issue raised by Bituminous was not wholly frivolous or nonexistent, yet the trial court did not dispose of the issue, nor address it in any manner.

■ "A judgment's silence on an issue should not be deemed a disposition of that issue except where a ruling on one issue necessarily constitutes a ruling on the other." *In re Carl McDonald Revocable Trust*, 899 S.W.2d 138, 139 (Mo.App.1995). Here, the trial court's entry of a declaratory judgment that found Dewey owed Bituminous $38,500 principal plus accrued interest did not rule or dispose of the attorney fee issue. Because the portion of Bituminous's declaratory judgment count seeking attorney fees is left open for future determination, and the trial court did not make the appealability determination under Rule 74.01(b), a final and appealable judgment does not exist; consequently, this court is without jurisdiction. *See Artisan Construction*, 975 S.W.2d at 958 (holding a "judgment" was unappealable because an attorney fee issue remained pending and the trial court did not invoke the exception stated in Rule 74.01(b)); *Ackerson*, 961 S.W.2d at 934–35 (holding a "judgment" not appealable because claims for attorney fees, expenses of litigation, and court costs left open and no compliance with Rule 74.01(b)).

The purported judgment in this case contains the same deficiencies found in *Artisan Construction* and *Ackerson*. Thus, the trial court's judgment is not final, and this court has no jurisdiction over the appeal.

Appeal dismissed.

MONTGOMERY, J., concurs.

BARNEY, C.J., concurs.

<hr />

5. All rule references are to Missouri Court Rules (2001), unless otherwise indicated.

6. All statutory references are to RSMo (2000), unless otherwise indicated. Section 527.100

provides that "[i]n any proceeding under sections 527.010 to 527.130 the court may make such award of costs as may seem equitable and just."