**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARTHUR G. MUEGLER, JR.,
                    *Appellant,*

            v.

DAVID J. BENING; ALFRED W.
HARRE,
                    *Appellees.*

No. 03-15259

D.C. No.
CV-02-00632-JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
April 13, 2005—San Francisco, California

Filed June 24, 2005

Before: Donald P. Lay,* Betty B. Fletcher, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Lay

---

*The Honorable Donald P. Lay, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

**COUNSEL**

Arthur G. Muegler, Jr., Pro se, St. Louis, Missouri, for the appellant.

David G. Waltrip and Chad S. Stockel, St. Louis, Missouri, for the appellees.

## **OPINION**

LAY, Circuit Judge:

Appellant Arthur G. Muegler, Jr., was found guilty in federal district court for committing intentional fraud under Missouri law. A jury awarded David J. Bening and Alfred W. Harre ("Creditors") compensatory and punitive damages. Muegler sought to discharge his debt to Creditors via bankruptcy proceedings in Arizona. Creditors filed a complaint, arguing that the debt owed to them by Muegler was procured by fraud and was thus nondischargeable under 11 U.S.C. § 523(a)(2)(A). Furthermore, Creditors argued, because the elements of fraud under Missouri law were identical to the elements of fraud under § 523(a), Muegler was collaterally estopped from re-litigating the issue of fraud in bankruptcy court.

The bankruptcy court held that the elements of fraud under Missouri law and § 523(a) were identical, and found that Muegler was collaterally estopped from challenging the fraud ruling in bankruptcy court. The bankruptcy court granted summary judgment to Creditors, holding that Muegler could not discharge his debt due to fraud. The district court affirmed.

Under Missouri law, four factors must be satisfied for the application of collateral estoppel:

1. whether the issue decided in the prior adjudication was identical with the issue presented in the present action;

2. whether the prior adjudication resulted in a judgment on the merits; . . .

3. whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; [and]

4.  whether the party against whom collateral estop-
    pel is asserted had a full and fair opportunity to
    litigate the issue in the prior suit.

*Hartsfield v. Barkley*, 856 S.W.2d 342, 345 (Mo. Ct. App. 1993). On appeal, Muegler argues that factors one, "identity of issues," two, a "judgment on the merits," and four, a "full and fair opportunity to litigate," were not satisfied by the fraud judgment against him under Missouri law.[1]

### A.  Identity of Issues

Muegler presents two reasons why the "identity of issues" prong of Missouri's collateral estoppel test was not met. First, Muegler argues that under § 523(a)(2)(A), an essential element of the crime of fraud is whether he "obtained a direct or indirect benefit" from his misrepresentations. This "receipt of benefits" element is an additional element not present under Missouri law. Second, Muegler argues that § 523(a)(6) requires that he "willfully caused injury" to Creditors, while Missouri law only requires a finding that he recklessly caused injury to Creditors.

Section 523(a)(2)(A) provides that:

(a)  A discharge . . . does not discharge an individ-
     ual debtor from any debt— . . .

     (2)  for money, property, services, or an

---

[1] Muegler also argues that the jury instructions in the original judgment were ambiguous. However, because Muegler did not raise this claim in the district court or bankruptcy court, Muegler has waived his right to make this claim on appeal. *Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996). We also note that Muegler challenged the jury instructions in a prior appeal, and those instructions were found unambiguous by a panel of the Eighth Circuit Court of Appeals. *Harre v. Muegler*, 113 F.3d 909 (8th Cir. 1997).

extension, renewal, or refinancing of credit, *to the extent obtained by*—

(A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

*Id.* (emphasis added). Muegler argues that the word "obtained" adds an additional element to a fraud offense under § 523(a)(2). According to Muegler, the use of "obtained" means that creditors must show that he obtained a direct or indirect benefit from his fraudulent conduct, or that some portion of the Creditors' claim was actually transferred to Muegler. Because this element was lacking in the original judgment — the jury did not have to find that Muegler obtained a direct or indirect benefit from his fraud — Muegler argues that there is no "identity of issues" between the present suit and the original judgment.

**[1]** It is true that this circuit and others have held that the debtor must have received a direct or indirect benefit from his or her fraudulent activity in order to make out a violation of § 523(a)(2)(A). *See, e.g., In re Arm*, 87 F.3d 1046, 1049 (9th Cir. 1996) ("We make clear . . . that the indirect benefit to the debtor from a fraud in which he participates is sufficient to prevent the debtor from receiving the benefits that bankruptcy law accords the honest person."); *In re Bilzerian*, 100 F.3d 886, 891 (11th Cir. 1996) ("In light of persuasive circuit authority, we conclude in this case that the district court properly applied the 'receipt of benefits' theory in concluding that Bilzerian's debt . . . was subject to the § 523(a)(2)(A) exception to discharge."); *Matter of Luce*, 960 F.2d 1277, 1283 (5th Cir. 1992) ("[T]he Code dictates that a particular debt is nondischargeable '[i]f the debtor benefits in some way' from the money, property, services, or credit obtained through deception."). However, these rulings were made before the

Supreme Court's decision in *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998).

In *Cohen*, the creditor in a bankruptcy case was awarded treble damages, attorney's fees, and costs. *Id.* at 215-16. The debtor argued that attorney's fees, treble damages, and costs should not be deemed nondischargeable under § 523(a)(2)(A) because § 523(a)(2)(A) only encompasses the *value* of the money, property, or services a debtor obtains from fraud. *Id.* at 217-18. Therefore, to the extent that punitive or compensatory damages exceed the amount actually obtained by the debtor from fraud, the award is not subject to § 523(a)(2)(A).

**[2]** The Supreme Court found that the overriding purpose of § 523 is to protect victims of fraud. *Id.* at 222-23. Therefore, without any indication from Congress in § 523(a)(2)(A) itself, the Court found it unlikely that a debtor would be held responsible only for restitutionary damages arising from fraud. *Id.* at 223. The Court held that

> [T]he text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that 'any debt . . . for money, property, or services, or . . . credit, to the extent obtained by' fraud *encompasses any liability arising from money, property, etc., that is fraudulently obtained*, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Id.* (emphasis added).

**[3]** Although the Court's opinion in *Cohen* did not address the precise issue presented in this case — whether a debtor must have obtained some benefit from the fraud for a debt to be held nondischargeable under § 523(a)(2)(A) — the Court's analysis in *Cohen* indicates that a finding of debt due to fraud

is all that is necessary to satisfy § 523(a)(2)(A). *Id.* The Fifth Circuit and Fourth Circuit have found as much in two cases since *Cohen* was decided. *In re M.M. Winkler & Assocs.*, 239 F.3d 746, 749 (5th Cir. 2001); *In re Pleasants*, 219 F.3d 372, 375 (4th Cir. 2000) (stating that the language of *Cohen* is "broad enough to encompass a situation in which no portion of a creditor's claims was literally transferred to the fraudulent debtor"). As the Fifth Circuit noted, "*Cohen* indicates that whether the debt arises from fraud is the only consideration material to nondischargeability. It also indicates that we should not read requirements like receipt of benefits into § 523(a)(2)(A) and that the discharge exceptions protect fraud victims rather than debtors." *Winkler*, 239 F.3d at 749.

**[4]** In light of *Cohen*, the Fourth and Fifth Circuit's analysis of the "obtained by" language in § 523(a)(2)(A) is sound, and should be adopted. It is only the fact of an adverse fraud judgment, and nothing more, that is required for a debt to be nondischargeable. Accordingly, we find that in light of *Cohen*, the receipt of a benefit is no longer an element of fraud under § 523(a)(2)(A).

**[5]** Muegler also argues that there is no "identity of issues" because the Missouri fraud judgment did not require a finding that his conduct was "willful or malicious." Under Missouri law, a jury may award punitive damages only upon a finding of evil motive, reckless indifference, or constructive knowledge. *Ackmann v. Keeney-Toelle Real Estate Co.*, 401 S.W.2d 483, 489 (Mo. 1966). However, 11 U.S.C. § 523(a)(6) states that "a discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." Under this provision, reckless conduct or evil motive are insufficient to qualify as "willful and malicious" injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998). Because punitive damages may be awarded based upon a lower standard than what is required by § 523(a)(6), Muegler argues that there is no "identity of issues" between the punitive damages

award in the original judgment and the present bankruptcy proceeding.

**[6]** Although Missouri law allows a jury to find guilt based upon a lower standard than that required by § 523(a)(6), in this case the Missouri jury instructions regarding culpability clearly required a finding that Muegler intended his misrepresentations to harm the Creditors. The jury found that Muegler willfully committed fraud, and awarded compensatory damages to the Creditors based upon its finding. The subsequent award of punitive damages, moreover, was based upon the culpability found by the jury in its compensatory damages award.

**[7]** When the awards of compensatory damages and punitive damages are based upon the same conduct, the punitive damages award will be nondischargeable under § 523(a)(6) if the compensatory damages award is found to be nondischargeable. *In re Adams*, 761 F.2d 1422, 1428 (9th Cir. 1985). Because the compensatory damages award is nondischargeable and the award of punitive damages was based upon the same finding of guilt, the standard for a finding of fraud under Missouri law and § 523(a)(6) are identical for the purposes of this case. *See In re Scarborough*, 171 F.3d 638, 644 (8th Cir. 1999) (addressing an almost identical situation under Missouri law).

**[8]** We find that the "identity of issues" prong of the Missouri collateral estoppel test has been satisfied in this case. In the original judgment, the jury found that Muegler committed fraud within the meaning of § 523(a)(6). Moreover, § 523(a)(2)(A) does not require a showing that the debtor received a benefit, whether direct or indirect, from his or her fraudulent misrepresentation.

## B.    Judgment on the Merits

Muegler next contends that the issues pertaining to the present case were not "actually adjudicated" in the original

trial, and thus the original judgment did not constitute a final judgment on the merits. Muegler argues that the original adjudication was not a final judgment on the merits because of the discovery and trial sanctions placed upon him by the court — sanctions that Muegler claims made the original judgment more like a default judgment, rather than a judgment on the merits.

**[9]** Muegler's claim must fail. Missouri courts and bankruptcy courts have held that when a debtor files an answer in the case, thus requiring a trial to prove matters not admitted in the pleadings, the subsequent judgment is a judgment on the merits, not a default judgment. *In re Day*, 137 B.R. 335, 339 (Bankr. W.D. Mo. 1992); *DuPont v. Bluestein*, 994 S.W.2d 96, 97 (Mo. Ct. App. 1999). Muegler filed an answer and participated in the trial, and the state court judgment actually adjudicated each issue relating to the fraud accusations against Muegler. The sanctions ordered by the district court were a result of Muegler's own obstructionist tactics, and did not affect whether the Missouri judgment constituted a judgment on the merits.

## C. Full and Fair Opportunity to Litigate

Lastly, Muegler contends that because of the sanctions levied against him in the Missouri judgment, he was not afforded the procedural opportunities that would be available to him in another forum. *See Bi-State Dev. Agency v. Whelan Sec. Co.*, 679 S.W.2d 332, 337 (Mo. Ct. App. 1984) (stating that a party may not have a "full and fair opportunity to litigate" when a second forum affords procedural opportunities not available in the original action).

**[10]** Again, Muegler's argument must fail. The relevant procedural opportunities in this case were the procedural opportunities available to Muegler at the beginning of the original trial, not the procedural opportunities taken away from him due to his abuse of the discovery process. *See In re*

*Daily*, 47 F.3d 365, 368 (9th Cir. 1995) (stating that "the 'actual litigation' requirement may be satisfied by substantial participation in the adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so"). Without regard to sanctions placed upon Muegler due to his own abuses, bankruptcy courts afford the same procedural opportunities that were available to Muegler at the beginning of the original district court trial. Accordingly, we find that Muegler was given a full and fair opportunity to litigate in the original trial.

## CONCLUSION

**[11]** For the foregoing reasons, we hold that Muegler is collaterally estopped from re-litigating the issue of fraud in bankruptcy court, and AFFIRM the judgment of the district court.

**AFFIRMED.**