Darwin Kurt HOOP, Appellant,

v.

Joan B. HOOP, Appellee.

No. 07–35304.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

* The panel unanimously finds this case suitable
for decision without oral argument.  *See* Fed.
R.App. P. 34(a)(2).

Darwin Kurt Hoop, Lake Forest Park, WA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Kristin G. Olson, Esq., O'Shea, Barnard & Martin Skyline Tower, Bellevue, WA, for Appellee.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Darwin Kurt Hoop appeals pro se from the district court's order affirming the bankruptcy court's order declaring the judgment entered against Hoop by a Pennsylvania court to be nondischargeable. We have jurisdiction under 28 U.S.C. §§ 1291 and 158(d). We review de novo the district court's decision, *Ditto v. McCurdy*, 510 F.3d 1070, 1075 (9th Cir. 2007), and we affirm.

■ The district court properly concluded that the bankruptcy court did not err when it determined that the Pennsylvania court's judgment against Hoop is nondischargeable. *See* 11 U.S.C. § 523(a)(4) (setting forth nondischargeability of debt for "fraud or defalcation while acting in a fiduciary capacity"); *see also Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185–87 (9th Cir.1996) (defining "fiduciary" and "defalcation" for purposes of section 523(a)(4)).

■ The district court also properly concluded that Hoop is collaterally estopped from attacking the Pennsylvania court's judgment because the issues determined in state court were the same as the issues arising under 11 U.S.C. § 523(a)(4),

and Hoop participated in the state court proceedings. *See Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186, 1189 (1994) (setting forth elements of collateral estoppel under Pennsylvania law); *see also Muegler v. Bening,* 413 F.3d 980, 985 (9th Cir.2005) (explaining that for purposes of assessing "full and fair opportunity to litigate" element of collateral estoppel, the relevant procedural opportunities are those available to a party at the beginning of the original trial). Hoop's contention that the Pennsylvania court's judgment erroneously included certain of his personal property in the bankruptcy estate is unavailing. *See Steen v. John Hancock Mut. Life Ins. Co.,* 106 F.3d 904, 913 (9th Cir.1997) (collateral estoppel applies even if the prior case was erroneously decided).

**AFFIRMED.**