**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WAYNE WING CHEUNG WONG, <br><br> Debtor, <br> _____ <br><br> ARAM HODESS; TRICO PIPES, a labor-management cooperation committee, <br><br> Appellants, <br><br> v. <br><br> WAYNE WING CHEUNG WONG, <br><br> Appellee. | No. 19-15097 <br><br> D.C. No. 4:17-cv-03553-HSG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 2, 2020
San Francisco, California

Before: SILER,** WARDLAW, and M. SMITH, Circuit Judges.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Panel

Plaintiffs TRICO Pipes, a labor-management cooperation committee, and Aram Hodess, a trustee of TRICO, appeal the district court's affirmance of the bankruptcy court's judgment in favor of Defendant Wayne Wong in an adversary proceeding. We have jurisdiction over this appeal from the district court's final order pursuant to 28 U.S.C. §§ 158(d) and 1291. *See Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.)*, 81 F.3d 103, 105 (9th Cir. 1996).

In their appeal, Plaintiffs argue, relying on principles of collateral estoppel, that 11 U.S.C. § 523 (a)(2)(A) (Section 523(a)(2)(A)) and 11 U.S.C. § 523(a)(6) (Section 523(a)(6)) render their state court judgment against Wong for prevailing wage violations and fraudulent transfers a nondischargeable debt.

Whether a claim is nondischargeable presents mixed issues of law and fact reviewed de novo. *See Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004); *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002). We affirm the district court. Below, we discuss each of Plaintiffs' two theories of nondischargeability in turn.

**1. Nondischargeability under Section 523(a)(6)**

Section 523(a)(6) exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Here, the state court's amended judgment states that Wong's "failure to pay prevailing wages and the active concealment of this conduct was intentional

and malicious."

Federal courts give prior state court judgments the same preclusive effect that they have under state law. *Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003) (citing 28 U.S.C. § 1738). Among other factors, California law requires that an issue be "necessarily decided" as part of a court's decision for that decision to later have preclusive effect as to that issue. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

Plaintiffs argue that the state court's finding that Wong's conduct was intentional and malicious was "necessarily decided" as part of its ruling, under a theory of alter ego liability, that Wong was personally liable for various corporate entities' wage violations. But in order to pierce the corporate veil under California law, it is not necessary that an alter ego acted with a fraudulent or wrongful intent—a creditor need only show that the alter ego's acts produced an inequitable result. The debtors' intent "is beside the point." *See Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship*, 166 Cal. Rptr. 3d 421, 425 (Cal. Ct. App. 2013); *see also Toho-Towa Co. v. Morgan Creek Prods., Inc.*, 159 Cal. Rptr. 3d 469, 481 n. 5 (Cal. Ct. App. 2013) ("Application of the alter ego doctrine does not depend upon pleading or proof of fraud." (citation omitted)).

Neither does the state court judgment indicate that its finding of intent and

maliciousness is an alternative holding establishing alter ego liability.[1]  And the finding itself is not sufficient to support alter ego liability.  *See Gopal v. Kaiser Found. Health Plan, Inc.*, 203 Cal. Rptr. 3d 549, 554 (Cal. Ct. App. 2016) (in order for alter ego liability to apply, there must be "such a unity of interest and ownership that the separate corporate personalities are merged" and an "inequitable result" that will follow if corporate separateness is preserved).

Because willfulness and maliciousness are not required for a ruling of alter ego liability under California law, *see Relentless Air Racing*, 166 Cal. Rptr. 3d at 425, the state court's amended judgment does not preclusively establish that Wong's debt resulted from a "willful and malicious injury" and is thus nondischargeable under Section 523(a)(6).

## 2. Nondischargeability under Section 523(a)(2)(A)

In pertinent part, Section 523(a)(2)(A) exempts from discharge "any debt . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).  "Actual fraud" in Section 523(a)(2)(A) includes "forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation."  *Husky Int'l Elecs. Inc. v. Ritz*, 136 S.Ct. 1581, 1586

---

[1] We note that it is at least possible that the Restatement Second of Judgment, which denies preclusive effect to alternative holdings, applies in California.  *See Zevnik v. Superior Court*, 70 Cal. Rptr. 3d 817, 822 (Cal. Ct. App. 2008).  Nevertheless, we assume *arguendo* that alternative holdings can have preclusive effect under California law.

(2016). Under California law, the extent of a defendant's liability for a fraudulent transfer is determined by the value of the assets transferred. Cal. Civ. Code § 3439.08(b)(1).

While the bankruptcy court correctly held that the state court judgment was issue preclusive as to the nondischargeability of the debt associated with Wong's fraudulent transfers, it also correctly ruled that Plaintiffs failed to meet their obligation to show which part of the judgment award was traceable to those fraudulent transfers, as opposed to prevailing wage violations. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991) ("[T]he standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard.").

Plaintiffs argue that they do not need to define the portion of the state court judgment attributable to the fraudulent transfers. Instead, they argue that all the damages in the state court judgment should be nondischargeable because of the state court's issue-preclusive finding regarding Wong's fraudulent transfers. But the cases that Plaintiffs cite do not support their argument. *See Husky Int'l*, 136 S.Ct. at 1589 ("[A]ny debts 'traceable to' the fraudulent conveyance will be nondischargable under § 523(a)(2)(A)." (citation omitted)); *Cohen v. de la Cruz*, 523 U.S. 213, 218–19 (1998) (amounts "traceable" to the fraud were nondischargeable); *In re Sabban*, 600 F.3d 1219, 1224 (9th Cir. 2010) (portion of

state court judgment arising from statutory violation that did not involve fraud was dischargeable).

Plaintiffs also cite *Muegler v. Bening*, 413 F.3d 980, 984 (9th Cir. 2005), where we held that a debtor need not receive a benefit from a fraud in order for debts arising from the fraud to be nondischargeable. But here there is no dispute as to whether Wong benefitted from the fraudulent transfers described in the state court's findings. The only question at issue is their size, which under California law, determines the extent of Wong's liability. *See* Cal. Civ. Code § 3439.08(b)(1). Because Plaintiffs failed to show, and the state court judgment itself does not specify, which portion of the state court judgment was traceable to Wong's fraudulent transfers, the judgment amount is dischargeable debt.

**AFFIRMED.**